**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ayoade AKINYEMI, a/k/a Nuraini A.O. Oganla, Defendant–Appellant.**

**No. 96–1783.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 12, 1996.

Decided March 7, 1997.

---

Barry Rand Elden, Chief of Appeals, George Jackson, III (argued), Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

Gerald J. Collins, Chicago, IL (argued), for Defendant–Appellant.

Before POSNER, Chief Judge, and COFFEY and MANION, Circuit Judges.

MANION, Circuit Judge.

On September 29, 1989, Ayoade Akinyemi was convicted of importing heroin. He was sentenced to 33 months in prison, followed by five years of supervised release. On June 14, 1991, as Akinyemi neared the completion of his prison sentence, the Immigration and Naturalization Service commenced deportation proceedings against him. On October 28, 1991, Akinyemi was deported to Nigeria.[1] But that did not last long. In October 1993, Akinyemi reentered the United States in violation of 8 U.S.C. § 1326(a) and (b).[2]

Nearly two years after his reentry, an undercover investigation coupled with an unrelated traffic stop led to Akinyemi's arrest. Eventually he was charged in a one-count indictment with illegally reentering the United States without obtaining prior approval from the United States Attorney General, in violation of 8 U.S.C. § 1326(a) and (b). He pleaded guilty and was sentenced to 46 months in prison, followed by two years of supervised release. Akinyemi appeals his sentence.

On appeal, Akinyemi's only complaint is that the district court erred in assessing him two criminal history points pursuant to § 4A1.1(d) of the Sentencing Guidelines. Section 4A1.1(d) provides that in calculating criminal history points the court should "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (emphasis in original). In this case, the district court added 2 points to Akinyemi's crim-

---

1. When he was deported, the INS informed Akinyemi that if he wanted to return to the United States within five years after his deportation, he must obtain the permission of the United States Attorney General.

2. 8 U.S.C. § 1326 provides:
   (a) Subject to subsection (b) of this section, any alien who—
   (1) has been arrested and deported or excluded and deported, and thereafter
   (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States of his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to

obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.
   (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—
   (1) whose deportation was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both; or
   (2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

inal history for illegally reentering the United States while on supervised release for his previous conviction for importing heroin. Akinyemi asserts that he was not on supervised release when he reentered the United States because it terminated when he was deported.

We review this question of law *de novo*. Although this is a question of first impression in this circuit, we are guided by the recent decision from the Fifth Circuit in *United States v. Brown*, 54 F.3d 234 (5th Cir.1995). *Brown* was arrested for conspiring to import marijuana in August 1993. After serving a sentence for an earlier conviction, Brown's term of supervised release began on October 1, 1990. He was soon deported, but later illegally reentered the United States. After reentry he was convicted of drug conspiracy. Because the new drug offense occurred during the period of supervised release, he was given two additional criminal history points, thus increasing his sentencing range. *Brown* argued that he was not on supervised release because when he was deported on October 31, 1990, his supervised release was extinguished.

The Fifth Circuit disagreed, noting first it was "unaware of any court which has held that deportation extinguishes a term of supervised release." *Id.* at 237. The court then examined 18 U.S.C. § 3583(d) and 8 U.S.C. § 1252(h) and concluded that both statutes indicate that deportation does not extinguish a sentence of supervised release. *Id.* at 237–38. For instance, 18 U.S.C. § 3583(d) provides:

> If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for deportation.

And 8 U.S.C. § 1252(h) provides:

> An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement. Parole, supervised release, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be ground for deferral of deportation.

We agree with the Fifth Circuit that "[a] plain reading of these two sections supports the government's position that deportation does not extinguish supervised release." *Brown*, 54 F.3d at 238. Both sections assume that deportation is consistent with the continuation of "supervised release," indicating Congress did not intend deportation to terminate a sentence of supervised release. The probation office's position that "[a]n offender reentering the country prior to expiration of supervision should be supervised," further supports the conclusion that deportation does not extinguish a term of supervised release. *Brown*, 54 F.3d at 239 (quoting Probation Manual, Guide To Judiciary Policies and Procedures IV, § 18).

The implication from the plain language of 18 U.S.C. § 3583 and 8 U.S.C. § 1252(h), as well as from the probation manual, is that a term of supervised release is *not* extinguished by deportation. But even more important than the implications of these sections is the fact that no statute, court order, or sentencing guideline provides for the termination of the supervised release period. The district court entered a five-year sentence of supervised release, pursuant to its authority under 18 U.S.C. § 3583 (authorizing a court to impose a sentence of supervised release after imprisonment). *See also* U.S.S.G. § 5D1.1 (providing for the imposition of a term of supervised release). A sentencing court also has the authority under some circumstances to modify or terminate a term of supervised release. 18 U.S.C. § 3583(e). No court has terminated Akinyemi's supervised release sentence. And Congress has not provided for it to terminate automatically upon deportation, or upon any other event. Congress also has not authorized us to overturn a lawful sentence of supervised release. Without any statutory authority to the contrary, we cannot conclude that Akinyemi's supervised release sentence terminated upon his deportation. *See, e.g., United States v. Londono*, 100 F.3d 236, 241–42 (2d Cir.1996) (citing *Brown* and concluding that "[i]t may well be that the district court's sentence of supervised release was subverted by the order of immediate deportation, but it stands in the record nevertheless.").

Akinyemi responds that once he was deported he was no longer "supervised" so he could no longer be under a sentence of supervised release. Obviously while Akinyemi was in Nigeria he was "out of sight-out of mind" and could not be supervised. But once he reentered, even illegally, the period of supervision (if not the physical monitoring) was still in existence. There is no authority for Akinyemi's claim that deportation automatically terminates his court-imposed sentence. No statute or guideline provides that supervised release is terminated if the criminal is left unsupervised. Therefore, we join the Fifth Circuit and conclude that deportation does not terminate a sentence of supervised release. *Brown,* 54 F.3d 234; *see also Londono,* 100 F.3d at 241–42 (agreeing that a defendant who was deported could be resentenced within the period of supervised release if he reentered the United States). Perhaps it would be advisable to include as a condition of supervised release that if deported, the defendant cannot reenter. This seems obvious since to reenter is a crime in itself, but that crime will be subject to enhancement if it occurs during the period of supervised release. In any event, the district court properly added two points to Akinyemi's criminal history pursuant to § 4A1.1(d). For these reasons, we AFFIRM.