**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Noe BERNAL–PORTILLO,**
**Defendant—Appellant.**

No. 01–10123.
D.C. No. CR–00–00294–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 9, 2002.

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Noe Bernal–Portillo is a native and citizen of Mexico and received a sentence of 70 months for illegally re-entering the United States after having been deported. He appeals the district court's calculation of his sentence under the United States Sentencing Guidelines. We conclude that the district court was correct to assess 12 criminal history points-placing Bernal–Portillo in criminal history category V.

Bernal–Portillo first challenges the two points assessed under section 4A1.1(d). That section provides that two criminal history points will be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2000). Bernal–Portillo argues that he could not have been under a criminal justice sentence because the plain meaning of section 4A1.1(d) requires that he be under some sort of supervision to be considered "under any criminal justice sentence" within the meaning of the Guidelines.

Bernal–Portillo's "plain language" argument fails on the basis of the last example provided in section 4A1.1(d): escape status. *Id.* It cannot reasonably be said that a prisoner who has escaped is under *any* supervision by the state. *See* U.S.S.G. § 4A1.1(d), cmt. n. 4 (2000) ("[A]ctive supervision is not required for this item to apply."). Therefore, Bernal–Portillo's de-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

portation did not change the fact that he remained under a criminal justice sentence in the state of Nevada. *Cf. United States v. Akinyemi,* 108 F.3d 777, 780 (7th Cir. 1997) (concluding that a defendant's *supervised release status* was not terminated when he was deported).

Bernal–Portillo also argues that the district court improperly gave him one criminal history point for his 1997 conviction for possession of drug paraphernalia. He contends that the conviction was invalid because he was not represented by counsel.

In this Circuit, a defendant has the ultimate burden of proof to demonstrate the constitutional infirmity of a prior conviction. *United States v. Allen,* 153 F.3d 1037, 1040–41 (9th Cir.1998); *United States v. Newman,* 912 F.2d 1119, 1121 (9th Cir.1990). Once the state has satisfied its initial burden by proving the fact of a prior conviction (as Nevada did here), the defendant must establish the constitutional invalidity of the prior conviction by a preponderance of the evidence. *Allen,* 153 F.3d at 1041. Bernal–Portillo did not make the required showing here. Rather than coming forward with any evidence, Bernal–Portillo instead simply relied on the statement in the PSR that "a review of the court minutes from the Las Vegas Nevada Municipal Court neither confirms nor disputes the defendant's contention that he was not appointed counsel." This statement alone, however, is not enough.

Finally, Bernal–Portillo claims that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, (2000), has overruled the Supreme Court's decision in *Almendarez–Torres,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), holding that prior convictions need not be proven as an element of the offense. If he were right, Bernal–Portillo would have been eligible for no more than a two-year sentence. However, he is not right; this Circuit has squarely rejected this exact argument. *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000), *as amended at* 2001 U.S.App. LEXIS 1816, *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (holding that *Almendarez–Torres* remains good law after *Apprendi* ).

Although we are in complete agreement with the district court's sentence, we REMAND solely for the purpose of deleting the reference to 8 U.S.C. § 1326(b) in Bernal–Portillo's judgment of conviction.