**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario H. VELASQUEZ–PEREZ,**
**Defendant–Appellant.**

**No. 02–5397.**

United States Court of Appeals,
Sixth Circuit.

Dec. 5, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.[*]

*ORDER*

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 14, 2001, a federal grand jury named Mexican national Mario Hipolito Velasquez–Perez in a one-count indictment for having illegally entered the United States. Velasquez–Perez subsequently pleaded guilty to the indictment and he was found guilty of being a deported alien who illegally re-entered the United States, in violation of 8 U.S.C. § 1326. Velasquez–Perez also pleaded guilty to having violated the conditions of a previously imposed supervised release. The district court sentenced Velasquez–Perez to a fourteen month term of imprisonment for the illegal re-entry count with a consecutive four month period of incarceration for the revocation of his supervised release in a separate judgment entry not before the court. This appeal followed.

Counsel for Velasquez–Perez filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Velasquez–Perez was served with this motion and a copy of the brief and was invited to respond, although he has not done so.

Velasquez–Perez was convicted of document fraud in the United States District Court for the Middle District of Florida on December 8, 1999, and sentenced to time served plus seven days with a thirty-six month period of supervised release. Velasquez–Perez was formally deported on January 5, 2000. The present record does not contain a copy of the judgment and commitment order, the specific conditions of supervised release imposed, or the deportation order.

Law enforcement officers arrested Velasquez–Perez on June 5, 2001, in Chattanooga, Tennessee, for public intoxication. Officials of the Immigration and Natural-ization Service ascertained the identity of Velasquez–Perez as well as his status as a previously deported alien. It is uncontroverted that Velasquez–Perez did not obtain permission to re-enter the United States nor did he attempt to contact the proper authorities voluntarily before his June 5, 2001, arrest. Velasquez–Perez was promptly indicted for his illegal re-entry, as noted above, and he was provided with counsel. Velasquez–Perez offered a plea to the indictment, the plea was accepted after a Criminal Rule 11 colloquy, and the matter was set over pending preparation of a pre-sentence report.

The parties later met for sentencing, at which time the subject of Velasquez–Perez having violated the conditions of his previously imposed conditions of supervised release was raised. The transcript reflects that all parties received a formal petition for the revocation of Velasquez–Perez's supervised release after the plea proceedings. The petition is not part of the present record, but the court noted, without objection, that a condition of Velasquez–Perez's supervised release was that he not re-enter the United States without permission. Velasquez–Perez stated that he had not reported upon his (unauthorized) re-entry because he had not been given any "papers from probation." Counsel for Velasquez–Perez confirmed that his client admitted the violation and the court explored with counsel the appropriate punishment. All parties agreed that the court was required to impose upon Velasquez–Perez a period of actual incarceration, from a range of four to ten months. The parties also agree that this sentence had to run consecutively to any prison time imposed for the illegal re-entry conviction, with a separate guideline range of eight to fourteen months. The district court entertained comments from counsel and Velasquez–Perez and then pronounced sentence.

The court first outlined in great detail the sentence it was imposing for the illegal re-entry conviction, namely, a fourteen month sentence of incarceration, a three year period of supervised release, and other specific conditions. The court then turned to the punishment for Velasquez–Perez's violation of his supervised release.

The Court also finds that the defendant has violated the conditions of his supervised release. Therefore the Court revokes the defendant's supervision and the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of four months. This term of imprisonment imposed by this judgment shall run consecutive to defendant's sentence in Case No. 1:01–CR–123. The total sentence that the defendant is to receive, then, is 18 months.

The district court's judgment was memorialized in the judgment and commitment order in Case No. 1:01–CR–123–01. The four corners of that judgment show only that Velasquez–Perez was convicted of a violation of 8 U.S.C. § 1326, "Count One," and that he is being sentenced to a prison term of "14 months on Count One." Velasquez–Perez moved for a clarification of this judgment post-conviction. Velasquez–Perez noted that the guideline range for Count One was fourteen months, but that he received a total punishment of eighteen months. The court responded that the additional four months was imposed for the separate supervised release violation in Case No. 1:02–M–5040. Velasquez–Perez's notice of appeal is directed only to the judgment in 1:01–CR–123.

Counsel for Velasquez–Perez raises one arguable issue on appeal in furtherance of his obligations under *Anders*. Counsel questions whether the district court's decision to find Velasquez–Perez in violation of his supervised release was legally incorrect when Velasquez–Perez could not have complied with the conditions of supervised release after he had been deported.

 The short answer to the arguable issue as posed by counsel is that this court has no subject matter jurisdiction to review the supervised release violation as it was initiated in a distinct district court procedure, although consolidated for sentencing colloquy purposes with the illegal re-entry prosecution. The notice of appeal is directed specifically to the criminal case number (Case No. 1:01–CR–123) and the judgment on appeal is directed only to the criminal, illegal re-entry punishment. Even if this court were to examine this claim, the suggestion that a term of supervised release, in general, is terminated or suspended while a defendant is out of the country has no support in law. Section 1326(c) of Title 8 states that a criminal alien who was deported and who is later found to have illegally reentered the United States, "shall be incarcerated for the remainder of the sentence of imprisonment which was pending at the time of deportation without any reduction for parole or supervised release." This provision expressly demonstrates the intention of Congress that a term of imprisonment or supervised release continues to run despite an alien's deportation absent an express declaration by the sentencing authority. *See United States v. Akinyemi*, 108 F.3d 777 (7th Cir.1997). Indeed, the fact that Velasquez–Perez re-entered the United States without permission constituted, without more, a violation of the conditions of his supervised release.

An examination of the remainder of the record and law supports the district court's judgment. There are no plea-related errors apparent and "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844,

848 (6th Cir.2001); *see also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). A review of the illegal re-entry sentence shows that it was within the agreed-upon guidelines and there were no contemporaneous objections. "A defendant waives the right to appeal an application of the Sentencing Guidelines when he fails to object in the trial court." *United States v. Ukomadu,* 236 F.3d 333, 340 (6th Cir.2001). This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.