**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector Javier RAMIREZ–SANCHEZ,**
**Defendant–Appellant.**

No. 02–10101.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2002.*

Filed July 22, 2003.

Arthur L. Allen, Las Vegas, NV, for the appellant.

Robert A. Bork, Assistant United States Attorney, Las Vegas, NV, for the appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before BRUNETTI, TASHIMA, Circuit Judges, and EZRA,** District Judge.

BRUNETTI, Circuit Judge.

Hector Javier Ramirez–Sanchez appeals his sentence for a conviction of unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326. Specifically, Ramirez–Sanchez contests the assignment of a criminal history point for "driving without an operator's license in possession," pursuant to U.S.S.G. § 4A1.2(c)(1), and to the application of two criminal history points for committing "the instant offense while under any criminal justice sentence," pursuant to U.S.S.G. § 4A1.1(d). We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(2), and we AFFIRM.

In August 2001, Ramirez–Sanchez, a citizen of Mexico, illegally reentered the United States. He had previously been deported to Mexico on June 23, 2000; May 21, 2001; June 1, 2001; and on July 5, 2001. At sentencing, the district court determined that the offense of "driving without an operator's license in possession," justified an assignment of a criminal history point, pursuant to U.S.S.G. § 4A1.2(c)(1). Further, the district court found that Ramirez–Sanchez was under a criminal justice sentence at the time of this offense, and applied two additional criminal history points pursuant to U.S.S.G. § 4A1.1(d).

## I.

### Driving Without An Operator's License In Possession

Appellant contends that the district court erred by finding that "driving with-

out an operator's license in possession" was similar to "[d]riving without a license or with a revoked or suspended license" pursuant to guideline § 4A1.2(c)(1). His argument fails.

■ We review a district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Newland,* 116 F.3d 400, 402 (9th Cir.1997).

Pursuant to U.S.S.G. § 4A1.2(c)(1):

Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:

U.S.S.G. § 4A1.2(c)(1). "Driving without a license or with a revoked or suspended license" is listed as an offense in this section. The plain language of § 4A1.2(c)(1) is clear. It specifically accounts for "prior offenses and offenses similar to them, by whatever name they are known ..." *Id.* Driving without an operator's license in one's possession is similar to driving without a license. In both instances, the driver does not have a valid license in his possession to present to the officer.

■ Furthermore, according to the Nevada Revised Statute:

Every licensee shall have his driver's license in his immediate possession at all times when driving a motor vehicle and shall manually surrender the license for examination, upon demand, to a justice of the peace.... However, no person charged with violating this section shall be convicted if he produces in court or the office of the arresting officer a driv-

** Hon. David A. Ezra, Chief U.S. District Judge, District of Hawaii, sitting by designa-tion.

er's license theretofore issued to him and valid at the time of the demand. N.R.S. 483.350. (2001). Therefore, if appellant had a valid license at the time he was stopped by the officer, but simply did not have it in his possession, he could have presented that valid license at a later date in order to avoid a conviction pursuant to this statute. However, Ramirez–Sanchez failed to provide a valid license, and thus, was convicted of the offense. Moreover, he served thirty days in custody for this conviction, therefore meeting the requirement for an enhancement pursuant to § 4A1.2(c)(1)(A).

Accordingly, the district court did not err in finding that driving without an operator's license in possession is similar to driving without a license. The district court appropriately assigned a criminal history point pursuant to U.S.S.G. § 4A1.2(c)(1).

## II.

### Under Any Criminal Justice Sentence At Time Of Offense

■ Appellant also argues that the district court erred by finding that he was under a "criminal justice sentence" at the time of the current illegal reentry, pursuant to guideline § 4A1.1(d), because he had been deported upon his release from custody without having gone onto active probation supervision. Ramirez–Sanchez bases this argument on the premise that although he was sentenced to a term of "probation," he was immediately deported and never placed on any form of supervision. Therefore, appellant contends that his probationary period does not fall within the defined meaning of a "criminal justice sentence," pursuant to U.S.S.G. § 4A1.1(d). His argument fails.

Pursuant to U.S.S.G. § 4A1.1(d), a 2–point enhancement is appropriate where "defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). The application notes give guidance as to the scope of a "criminal justice sentence." The note, in pertinent part, states:

> For the purposes of this item, a "criminal justice sentence" means a sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this item to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included.

U.S.S.G. § 4A1.1(d), comment. (n.4).

■ Appellant's reading of § 4A1.1(d), n. 4, would render part of the guideline meaningless. As a rule, statutory language should not be read in such a way as to render words or phrases as mere surplusage. *See United States v. Gantt,* 194 F.3d 987, 992 (9th Cir.1999); *Boise Cascade Corp. v. EPA,* 942 F.2d 1427, 1432 (9th Cir.1991) (courts must interpret statutes "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous"). The plain meaning of the guideline states that a 2–point enhancement is appropriate where a defendant has committed the instant offense while under "any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). That is, if a defendant is on probation when he commits the instant offense, a 2–point enhancement is deemed appropriate.

Moreover, although note 4 indicates that a "criminal justice sentence" is one having a "custodial or supervisory component," the note makes clear that "active supervision is not required for this item to apply." U.S.S.G. § 4A1.1(d), comment. (n.4). Further, the note sets forth an example: "a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included." *Id.* To read the note as mandating active supervision, would render part of the definition of a "criminal justice sentence" meaningless. Furthermore, such a reading of the note would make the provided example inapplicable.

We have previously held, where defendants served their prison terms and were deported, if either of the defendants were rearrested in the United States during their supervised release period, their supervised release would be revoked and converted into incarceration time. *United States v. Valdez–Gonzalez*, 957 F.2d 643, 646 (9th Cir.1992). This clearly indicates that active supervision is not a necessary component of supervised release. In other words, deportation does not extinguish a term of supervised release.

Likewise, we have recognized that a term of supervised release remains intact after a defendant's deportation. Specifically, in *United States v. Soto–Olivas*, 44 F.3d 788, 789 (9th Cir.1995), where defendant was sentenced to 36 months in prison, to be followed by a six year term of supervised release, one of the conditions of the supervised release was that the defendant must "comply with the rules and regulations of the [INS] and if deported from this country under any circumstances, not to reenter the United States illegally." Although defendant was deported after completing his prison term, several months later he was arrested on auto theft charges in Los Angeles. *Id.* The defendant's subsequent sentence for violating the condition in his supervised release was affirmed by this court. *Id.* at 792. Thus, defendant's supervised release remained intact even after deportation. *See Id.*

Our sister circuits have specifically addressed the issue regarding the active supervision component of a "criminal justice sentence," pursuant to § 4A1.1(d). We agree with their analysis regarding Congressional intent. Congress has provided that:

> If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.

18 U.S.C. § 3583(d); *United States v. Brown*, 54 F.3d 234, 237–238 (5th Cir. 1995); *United States v. Akinyemi*, 108 F.3d 777, 779 (7th Cir.1997); *United States v. Tinoso*, 327 F.3d 864 (9th Cir.2003). Congress also provided for the following:

> An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement. Parole, supervised release, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be ground for deferral of deportation.

8 U.S.C. § 1252(h); *Brown*, 54 F.3d at 237–238; *Akinyemi*, 108 F.3d at 779.

The plain language of these statutes supports the position that active supervision is not a required element of § 4A1.1(d). *See Brown*, 54 F.3d at 238. A defendant's deportation does not extinguish supervised release. *Id.* "Otherwise, Congress would not require that a defendant be deported despite a term of supervised release and at the same time allow for supervised release to be conditioned on

the defendant not reentering the United States illegally." *Id.* Had Congress intended for deportation to terminate a term of supervised release, it could have provided so. Congress, however, made no such provision. *Id.*

Although appellant argues that once he was deported he was no longer "supervised," therefore, he could no longer be under a sentence of probation, "[n]o statute or guideline provides that supervised release is terminated if the criminal is left unsupervised." *Akinyemi,* 108 F.3d at 780. Accordingly, we agree with the holding of the Fifth and Seventh Circuits that deportation does not terminate supervised release and hold that deportation does not terminate probation. We see no reason to treat probation any differently from supervised release under § 4A1.1(d).

We therefore, AFFIRM the district court's sentencing decisions regarding both issues.

AFFIRMED.