UNITED STATES of America,
Plaintiff–Appellee,

v.

Cesar A. BOLIVAR, Defendant–
Appellant.

No. 03–2512.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 22, 2003.*

Decided Jan. 6, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**154**

Andrew B. Baker, Jr., Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Cesar A. Bolivar, pro se, Jesup, GA, for Defendant–Appellant.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Cesar Bolivar was arrested in Indiana after twice selling cocaine to a government informant in October 1987. He pleaded guilty to two 2 counts of possession with intent to distribute under 21 U.S.C. § 841(b)(1)(B) and was sentenced to concurrent, pre-Guidelines terms of 20 years' and 12 years' incarceration. Although initially his sentence also included a four-year term of supervised release, the district court later substituted a three-year term of special parole and then changed it back to a four-year term of supervised release. Bolivar protested the most recent change by filing a motion asking the court to revoke or terminate his term of supervised release. The court denied his motion, and we affirm.

Bolivar sold a total of 1.2 kilograms of cocaine to the informant. At the time, the Sentencing Reform Act of 1984 and the Anti–Drug Abuse Act of 1986 (ADAA) had not yet been fully implemented, and so confusion arose about which sentencing laws applied to Bolivar. The district court initially applied the ADAA amendments and included as part of Bolivar's sentence a four-year term of supervised release, the minimum term required under revised § 841(b)(1)(B). But Bolivar appealed, arguing that he should have been sentenced under the preamendment version of § 841(b) to a term of special parole of three years. We agreed with Bolivar that the revision to § 841(b) that required supervised release rather than special parole did not apply to offenses committed before November 1, 1987. Therefore, we vacated his sentence and remanded to the district

court with instructions to resentence him under the preamendment version of § 841(b). *United States v. Duprey,* 895 F.2d 303, 311 (7th Cir.1989). The district court complied and, on remand, replaced the four-year term of supervised release with a three-year term of special parole.

Following our decision in *Duprey,* the Supreme Court decided a case in which it reached the opposite conclusion. In *Gozlon–Peretz v. United States,* 498 U.S. 395, 407–08, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), the Court held that the revision to § 841(b) took effect when the ADAA was enacted in October 1986, not in November 1987 when the remaining revisions under the Sentencing Reform Act were to be implemented. Therefore, the Court held, defendants who committed offenses after October 1986 which were punishable under § 841(b) should have been sentenced to terms of supervised release, not special parole

Ten years passed in this case before the government in August 2001 reacted to the Supreme Court's decision and moved under former Fed.R.Crim.P. 35(a) for an order reinstating the original four-year term of supervised release. Although the government mailed a copy of its motion to Bolivar, he was not afforded an opportunity to respond before the district court granted it on the same day it was filed, August 1.

By then, Bolivar had already completed his prison terms for his cocaine offenses. Indeed, although the ADAA did away with parole for drug offenders like Bolivar, it retained statutory "good time" and Bolivar had accumulated enough by May 1999 to be eligible for mandatory release. *See* 18 U.S.C. § 4161 [repealed except for offenses committed before Nov. 1, 1987]. However, even though Bolivar's good behavior had earned him early release, he was still deemed to be on parole until 180 days before the expiration of his maximum term for which he was sentenced, which was 20 years. *See* 18 U.S.C. § 4164 [repealed except for offenses committed before Nov. 1, 1987]. He was also subject to conditions of parole. *See* 18 U.S.C. § 4209 [repealed except for offenses committed before Nov. 1, 1987].

After his release from prison, Bolivar was deported to Columbia. But that did not last long. In October 2000 he was arrested in Florida for illegally reentering the country. He pleaded guilty and was sentenced to 52 months' incarceration followed by three years' supervised release. He is currently serving his sentence in a federal prison in Georgia. When the United States Parole Commission learned that he had been reincarcerated, it lodged a detainer against him for violating the terms of his parole.

Bolivar did not receive a copy of the August 2001 order correcting his sentence until 2002—a year after the fact—and learned at that time that the district court had reinstated his term of supervised release in lieu of the term of special parole. In response, Bolivar wrote to the Parole Commission in September 2002 and the district court in November 2002 asking them to explain why the Commission had lodged a detainer against him for violating the terms of his parole if, in fact, he was now subject to supervised release rather than special parole. The district court construed Bolivar's letter as a request that the court exercise jurisdiction over him immediately under his term of supervised release, which the court denied. In so doing, the court clarified for Bolivar the difference between parole, which he remained subject to under former § 4164, and special parole, which had been incorrectly imposed on remand from Bolivar's direct appeal but since corrected to a term of supervised release. The court explained

that under former § 4164 Bolivar remained subject to the jurisdiction of the Parole Commission until April 2007, i.e. 180 days before the end of the 20–year prison term imposed for one of the 1987 drug offenses. Only then, the court concluded, would his term of supervised release begin.

Bolivar then filed the motion that led to this appeal, entitled "Motion For Revocation Of Supervised Release Term Or In The Alternative A Nunc Pro Tunc Order Terminating The Term Of Supervised Release." Although his motion is difficult to understand, in it Bolivar appears to argue that the district court had lacked jurisdiction to correct his sentence in August 2001 because, according to Bolivar, his sentence expired when he was released from prison and deported in 1999. The government did not respond to Bolivar's motion, and the district court summarily denied it.

■ On appeal Bolivar reasserts his argument that the district court lacked jurisdiction to reinstitute the term of supervised release. Although Bolivar was released from confinement in May 1999 and deported a short time later, he remained on parole and subject to a four-year term of supervised release. *See United States v. Akinyemi*, 108 F.3d 777, 779–80 (7th Cir.1997) (holding that deportation does not extinguish term of supervised release); *see also United States v. Cuero–Flores*, 276 F.3d 113, 118 (2d Cir. 2002) (holding that deportation does not extinguish term of parole). Under the applicable version of Fed. R. of Crim. P. 35(a)—the one in effect at the time of his offense—the district court had jurisdiction to correct his sentence at any time before he completed it. *See United States v. Canino*, 212 F.3d 383, 384 (7th Cir.2000).

■ Bolivar raises two other arguments, each for the first time on appeal.

First, he contends that the district court violated the Ex Post Facto Clause of the Constitution, *see* U.S. Const. Art. I, § 10, cl. 1, by increasing his *length* of the supervision term of three years to four years. Next, he argues that the district court's correction of his sentence is invalid because he "had a right to be present at any re-sentencing." But Bolivar forfeited these arguments by not raising them first before the district court. *See Ocean Atl. Dev. Corp. v. Aurora Christian Schs., Inc.,* 322 F.3d 983, 1005 (7th Cir.2003).

■ Even if his arguments had not been forfeited, neither would prevail. He cannot establish a violation of the Ex Post Facto Clause because the district court did not correct his sentence based upon a law not in existence at the time of his offense. Rather, it corrected his sentenced based upon the Supreme Court's interpretation of the law as it existed at the time of his offense, and so the Ex Post Facto Clause is not implicated. *See United States v. Bailey,* 227 F.3d 792, 801 n. * (7th Cir. 2000). Likewise, because the court was merely correcting his sentence to restore the term of supervised release it had initially imposed under the applicable version of 21 U.S.C. § 841(b), he had no right to be present when the court did so. *See United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996) (defendant has no right to be present for nondiscretionary correction of sentence); *see also United States v. De Los Santos Himitola,* 924 F.2d 380, 382–83 (1st Cir.1991) (defendant who committed drug crime before effective date of sentencing reforms had no right to be present when district court restored term of supervised release originally imposed but changed on remand to special parole).

■ Bolivar also appears to argue that he is no longer subject to the jurisdiction of the Parole Commission or its detainer in

light of the district court's corrected sentence. His argument seems to stem from his confusion over the difference between parole under 18 U.S.C. § 4164 and special parole under former 18 U.S.C. § 841(b). But we have no jurisdiction to take up the argument; Bolivar's recourse is a petition under 28 U.S.C. § 2241 filed in the district in Georgia with jurisdiction over his custodian. *See Garza v. Lappin,* 253 F.3d 918, 921 (7th Cir.2001).

AFFIRMED.