10-5237-cr
US v. Roccisano

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Submitted: February 6, 2012          Decided: March 14, 2012)

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

VINCENZO ROCCISANO,

*Defendant-Appellant*,

Docket No. 10-5237-cr

_____

B e f o r e : KATZMANN, PARKER, *Circuit Judges*, RESTANI, *Judge*[*]

_____

Defendant-Appellant Vincenzo Roccisano appeals from judgment of conviction entered by the United States District Court for the Southern District of New York (Seybert, *J.*) sentencing him to, principally, a 46 month term of imprisonment. We hold that a term of supervised release does not terminate upon a defendant-alien's deportation for purposes of calculating a defendant's applicable sentencing range under § 4A1.1(d) of the United States Sentencing Guidelines. We further hold that the district court did not erroneously take into account unproven relevant conduct in fashioning its sentence, nor was the district court's sentence substantively unreasonable in light of Roccisano's personal circumstances. Accordingly, the judgment of the district court is **AFFIRMED**.

_____

[*] The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

For Defendant-Appellant:     JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, N.Y.

For Appellee:     JAMES M. MISKIEWICZ, Assistant United States Attorney, *of counsel* (Susan Corkery, Assistant United States Attorney, *of counsel*) *for* Loretta Lynch, United States Attorney for the Eastern District of New York.

PER CURIAM:

Defendant-Appellant Vincenzo Roccisano appeals a December 16, 2010 judgment of conviction entered by the Southern District of New York (Seybert, *J.*) following his guilty plea to illegal reentry in violation of 8 U.S.C. §§ 1326(a) & (b)(2). On September 16, 2010, the district court sentenced Roccisano to, principally, a 46 month term of imprisonment. On appeal, Roccisano contends that the district court miscalculated Roccisano's applicable sentencing range under the United States Sentencing Guidelines (the "Guidelines range") by including a two-point criminal history enhancement for Roccisano's commission of his offense while on a term of supervised release. This was error, according to Roccisano, because he was immediately deported after serving his prior term of incarceration and so was not under active supervision at the time he committed the instant offense. Roccisano also argues that the district court procedurally erred in basing its sentence in part on unsubstantiated insinuations that Roccisano's illegal reentry was motivated by his involvement in undisclosed criminal activity. Finally, Roccisano argues that the district court's sentence is substantively unreasonable in light of his personal circumstances and the standards set forth in 18 U.S.C. § 3553(a). For the reasons that follow, we find all of Roccisano's arguments to be without merit and affirm the district court's judgment.

On August 3, 1989, a jury in the Southern District Court of New York convicted Roccisano

2

of conspiring to import cocaine from South America and transship the drugs through the United States to Europe, where the cocaine was exchanged for heroin from Afghanistan that was then imported to the United States. *See United States v. Vincenzo Roccisano et al.*, 89-CR- 2206(RJW) (S.D.N.Y. 1990), *aff'd sub nom. United States v. Batista*, No. 90-1167(L) (2d Cir. Sept. 19, 1990). Specifically, the jury convicted Roccisano of three counts charging him with: (1) conspiring to import into the United States more than one kilogram of heroin and export out of the United States more than five kilograms of cocaine; (2) conspiring to distribute some amount of heroin and cocaine domestically; and (3) attempting to export out of the United States five kilograms or more of cocaine. *See Roccisano v. United States*, 936 F. Supp. 96, 98 (S.D.N.Y. 1996) (dismissing Roccisano's second habeas petition pursuant to 28 U.S.C. § 2255), *aff'd,* 152 F.3d 920 (2d Cir. 1998). On March 9, 1990, Roccisano was sentenced to concurrent terms of 235 months' imprisonment, to be followed by five years of supervised release. *Id.* Upon his release in 2006, Roccisano was immediately deported to Italy and so, despite being sentenced to a term of supervised release, he was never under active supervision.

On February 23, 2010, federal law enforcement agents observed Roccisano dining at a restaurant in Nassau County, New York. A previous search of records conducted by Immigration and Customs Enforcement agents revealed that Roccisano had not sought, nor been granted, permission from the Secretary of the Department of Homeland Security to re-enter the United States. Upon leaving the restaurant, the agents approached Roccisano, confirmed his identity, and placed him under arrest. On May 28, 2010, Roccisano pled guilty to one count of illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) & (b)(2). At that time, the Government represented to the district court that it would likely seek an upward departure at the time of

sentencing to the statutory maximum of 20 years' imprisonment. On September 17, 2010, the Government requested an adjournment of the sentencing hearing because the information on which it had hoped to rely in seeking an upward departure could not yet be publicly disclosed without "compromis[ing] other investigations then being conducted both by the United States and foreign law enforcement agencies." Appellee's Br. 4. On this basis, the district court granted the Government's request to postpone sentencing until December 2010.

At the rescheduled sentencing hearing on December 10, 2010, neither the Government nor Roccisano's counsel objected to the district court's calculation of the Guidelines range as 46 to 57 months. In addition, the Government withdrew its earlier representations that it would seek an upward departure and instead sought a sentence of 46 months' imprisonment, the bottom end of the Guidelines range as calculated by the district court. The Court replied by stating:

> . . . what you are saying now is that the government essentially believes that a sentence of 46 months would be in line with the facts and circumstances surrounding this case . . . . And you are asking me to put aside the preliminary application that was made on the government's behalf. . . . Okay. I take you at your word.

Appellant's App. 66. Roccisano, for his part, requested a non-Guidelines sentence of time-served, primarily on the ground, repeated on appeal, that his illegal reentry was motivated solely by his need "to save the life of his mentally ill daughter." Appellant's Br. 6. In support of this assertion, Roccisano submitted a letter from his daughter Maria stating that her sister, Daniela, suffers from a severe case of bipolar disorder; that Daniela moved to Italy to be with Roccisano after his release in 2006 and lived there for over a year; that Daniela attempted suicide while in Italy and then returned to the United States to seek additional medical attention; that Daniela's condition had improved upon Roccisano's return to the United States, to the point where she had been able to attend beauty school at St. John's University; and that Daniela's condition had deteriorated since

4

Roccisano's latest incarceration. Daniela's medical condition was corroborated by a letter from her doctor, an interview conducted by the Probation Department with Patricia Roccisano, the defendant's wife and Daniela's mother, and hospital records indicating that Daniela has been hospitalized several times as a result of her psychiatric problems.

Although the Government did not contest the facts of Daniela's mental health condition, it noted, as it does on appeal, several other facts that, in its view, cast doubt on Roccisano's assertion that his sole motivation for reentering the United States was to help care for Daniela. Specifically, the Government pointed to the fact that Daniela had been cared for throughout her life by Roccisano's wife, a well-paid professional; that Roccisano did not provide information as to what aid he had provided, or intended to provide, his daughter upon his return to the United States; and that, by the time of Roccisano's sentencing, Daniela had again moved to Italy because, in the words of Roccisano's counsel, she had done "remarkably well when she was in Italy under the care and supervision of various psychiatrists over there," Appellant's App. 68. Moreover, the Government noted that, while Roccisano had no reported income, he had traveled widely in Europe, Canada, and Latin America between 2006 and 2009 and that, on some of these travels, he had visited with Daniela and his other family members without illegally reentering the United States.

Based on the foregoing, the district court rejected Roccisano's contention that his illegal reentry into the United States was motivated solely by his daughter's medical condition. The district court first noted that "the income that [Roccisano] has indicated was available to him is not consistent with the type of travel" he had been engaging in. *Id.* at 69. In this regard, however, the court stated it was "not assuming or concluding anything other than what appears to me the ability" of Roccisano to reunite with Daniela by means other than illegally reentering the United States. *Id.*

5

Moreover, the court noted that, in light of Daniela's recent return to Italy, the family clearly had the financial "means and the wherewithal" to "return [Daniela] to Italy if that was their choice." *Id.* at 69-70.

Having found that Roccisano's illegal reentry into the United States was motivated by factors other than his desire to care for Daniela, but not making any finding as to what those other motivations might have been, the district court concluded that Roccisano's personal circumstances did not merit a downward departure from the applicable Guidelines range. Accordingly, the court sentenced Roccisano to a 46 month term of imprisonment, at the bottom end of the Guidelines range.

"We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard." *United States v. Hernandez*, 604 F.3d 48, 52 (2d Cir. 2010). This review "encompasses two components: procedural review and substantive review." *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190 (internal citations omitted). In assessing the substantive reasonableness of a sentence, we set aside a district court's sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks omitted). "We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Vacatur for substantive unreasonableness is warranted where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d

6

108, 123 (2d Cir. 2009).

We turn first to Roccisano's contention that the district court erred in calculating the applicable sentencing range under the Guidelines because it assigned two criminal history points for Roccisano's having committed his offense while under a term of supervised release. *See* U.S.S.G. § 4A1.1(d) (Two criminal history points should be assigned "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status"). Roccisano argues that this was error in that -- because he was deported after completing his prison term for narcotics trafficking in 2006 -- he was not under active supervision at the time of his illegal reentry. While we have not yet had occasion to address this specific issue, we have held, in highly analogous circumstances, that a defendant-alien's deportation does not terminate a "special parole term" imposed under 21 U.S.C. § 841(b)(1). *See United States v. Cuero-Flores*, 276 F.3d 113, 117-18 (2d Cir. 2002). Section 4A1.1(d) of the Guidelines defines a "criminal justice sentence" as including both "parole" and "supervised release," and Roccisano offers no basis on which the deportation consequences of the two categories of sentences should differ. Indeed, in *Cuero-Flores*, we expressly relied on the Fifth Circuit's decision in *United States v. Brown*, 54 F.3d 234 (5th Cir. 1995) and the Seventh Circuit's decision in *United States v. Akinyemi*, 108 F.3d 777 (7th Cir. 1997), in which both courts held that deportation does not terminate a defendant-alien's term of supervised release. In support, the Fifth Circuit in *Brown* reasoned that:

> Congress would not require that a defendant be deported despite a term of supervised release and at the same time allow for supervised release to be conditioned on the defendant not reentering the United States illegally. If Congress intended for deportation to terminate this sentence, it could have specifically provided for such to occur.

*Cuero-Flores*, 276 F.3d at 117 (quoting *Brown*, 54 F.3d at 238); *see also id.* ("We agree with

7

the Fifth and Seventh Circuits' analyses in *Brown* and *Akinyemi* . . . ."). Accordingly, we take this occasion to formally join all of our sister Circuits who have addressed this issue in holding that a term of supervised release does not terminate upon deportation for purposes of applying U.S.S.G. § 4A1.1(d). *See United States v. Williams*, 369 F.3d 250, 252-53 (3d Cir. 2004); *United States v. Ramirez-Sanchez*, 338 F.3d 977, 980 (9th Cir. 2003); *Akinyemi*, 108 F.3d at 779; *Brown*, 54 F.3d at 238-39; *see also United States v. Carrasco-Mateo*, 389 F.3d 239, 247 (1st Cir. 2004) (state parole is not extinguished by deportation for purposes of U.S.S.G. § 4A1.1(d)). For this reason, we conclude that the district court did not err in assessing Roccisano a two-point criminal history enhancement under U.S.S.G. § 4A1.1(d).[1]

As far as Roccisano's reliance on the United States Sentencing Commission's recent amendment to § 5D1.1 of the Guidelines -- which states that sentencing courts "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment," U.S.S.G. § 5D1.1(c) -- this provision is inapplicable here because Roccisano's term of supervised release was a statutorily mandated component of his sentence for narcotics trafficking. *See* 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1)(H) ("any sentence under this subparagraph *shall* . . . *impose* a term of supervised release of at least 5 years in addition to such term of imprisonment . . . .") (emphasis added). And, in any event, that amendment to the Guidelines did not go into effect until November 1, 2011, well after Roccisano was sentenced in this action. *See* U.S.S.G. § 5D1.1 (2011).

---

[1] This conclusion obviates any need to determine whether the plain error or the "relaxed" plain error standard of review applies to this issue, as Roccisano's argument fails under either standard. *See United States v. Gamez*, 577 F.3d 394, 397 & n.3 (2d Cir. 2009) (per curium).

8

Roccisano next argues that the district court's sentence is procedurally unreasonable because it was based, in part, on the Government's unproven insinuations that Roccisano's illegal reentry was motivated by his participation in separate criminal activity. This is unconvincing. In the absence of record evidence suggesting otherwise, we presume that sentencing judges faithfully discharge their duties at sentencing. *See Fernandez*, 443 F.3d at 30. The district court explicitly stated that it would "put aside" the Government's earlier representations regarding Roccisano's participation in other criminal activity, Appellant's App. 66, and Roccisano points to nothing in the district court's remarks at sentencing that suggests it did not do so.

Finally, Roccisano contends that the district court's sentence was substantively unreasonable in light of his personal circumstances. We disagree. The district court did not abuse its discretion in rejecting Roccisano's argument that his daughter's mental health and his own physical health merit a below Guideline sentence.

Accordingly, the judgment of the district court is **AFFIRMED**.