NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2012
Decided December 20, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 11-3856

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 11 cr 238-1 |
| MANUEL SALVADOR CONTRERAS-DEL TORO, *Defendant-Appellant.* | William J. Hibbler, *Judge.* |

**O R D E R**

Manuel Contreras-Del Toro was removed from the United States in 2001 after serving five years in federal prison for conspiracy to possess cocaine and marijuana with intent to distribute. He was still on supervised release for that crime when he reentered the country unlawfully a year later. Authorities arrested him during a traffic stop in 2011 after he produced a phony driver's license with an alias. Contreras pleaded guilty to unauthorized presence in the United States after removal, *see* 18 U.S.C. § 1326(a), and was sentenced to 60 months in prison, well below the guidelines range of 70 to 87 months.

Contreras filed a notice of appeal, but his newly appointed counsel has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738

(1967). Contreras has not responded to his lawyer's submission. *See* C<small>IR</small>. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2004). Contreras has informed counsel that he does not seek to have his guilty plea set aside, so counsel properly forgoes discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 672 (7th Cir. 2002).

Counsel first considers whether Contreras could argue that the district court miscalculated his guidelines range. In the district court, Contreras objected to the probation officer's proposed guidelines calculations on two grounds; we agree with counsel that an appellate challenge on either ground would be frivolous. First, Contreras argued that his federal drug conviction and an Illinois conviction for possession of a firearm by a felon should not count separately in assessing criminal-history points since his prison terms for those offenses ran concurrently. But concurrent sentences do not affect how convictions are scored, and prior convictions always count separately if, as here, the crimes were separated by an intervening arrest. *See* U.S.S.G. § 4A1.2(a)(2); *United States v. Statham,* 581 F.3d 548, 555 (7th Cir. 2009); *United States v. Graves*, 418 F.3d 739, 745 (7th Cir. 2005). Second, Contreras maintained that criminal-history points should not be added for committing the § 1326(a) offense while on supervised release because, he argued, his removal deprived the district court of "jurisdiction to impose" supervised release. This contention makes no sense if taken literally, since the term of supervised release was *imposed* when Contreras was sentenced in federal court in 1997, not when he was removed from the United States in 2001. He must have been arguing instead that removal effectively terminates supervised release, but that understanding is not correct. *See United States v. Garcia-Garcia,* 633 F.3d 608, 612 (7th Cir. 2011); *United States v. Akinyemi*, 108 F.3d 777, 779–80 (7th Cir. 1997).

Counsel also considers whether Contreras could challenge the reasonableness of his prison sentence. The lawyer has not identified any reason, however, to set aside the presumption of reasonableness applicable to sentences below the guidelines range. *See United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Before imposing sentence the district court looked to 18 U.S.C. § 3553(a) and mentioned the likely effect of incarceration on Contreras's children and his assertion that he mostly had obeyed the law since returning to the United States. Yet the court concluded that 60 months' imprisonment was necessary to deter Contreras from a further violation of § 1326(a). Thus any challenge to the reasonableness of Contreras' sentence would be frivolous.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.