16-2975-cr (L)
United States of America v. Sosa-Ramirez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of June, two thousand seventeen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                     *Circuit Judges*.
             LAWRENCE J. VILARDO,[1]
                     *District Judge*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

          v.                                              16-2975-cr (L)
                                                          16-3001-cr (CON)

JOSE YGNACIO SOSA-RAMIREZ,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Bradley Stetler, Stetler, Allen & Kampmann, Burlington, VT.

Appearing for Appellee:      Michael P. Drescher, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for* Eugenia A.P. Cowles, Acting United States Attorney for the District of Vermont, Burlington, VT.

_____

[1] Judge Lawrence J. Vilardo, United States District Court for the Western District of New York, sitting by designation.

Appeal from the United States District Court for the District of Vermont (Reiss, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and they hereby are **AFFIRMED**.

Defendant-Appellant Jose Ygnacio Sosa-Ramirez appeals from the August 25, 2016 judgments of the United States District Court for the District of Vermont (Reiss, *C.J.*) sentencing him to 50 months of imprisonment for his illegal re-entry into the United States as an aggravated felon, and a consecutive sentence of 24 months of imprisonment for his violation of the terms of earlier-imposed supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Our review of criminal sentences includes both procedural and substantive components and amounts to review for abuse of discretion." *United States v. McIntosh*, 753 F.3d 388, 393-94 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the [Section] 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *Id.* at 394. Review for substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Sosa-Ramirez first argues that his sentence was procedurally unreasonable because the district court failed to explain the particular factors justifying its decision to make the two sentences run consecutively. We disagree. The district court explained its reliance on the Section 3553(a) sentencing factors in imposing consecutive sentences, particularly stressing the need for Sosa-Ramirez's incapacitation through incarceration because of his repeated federal felonies, repeated instances of illegal re-entry, and the unusual fact that he had committed the instant offense while on supervised release. The relevant Guidelines also support the district court's actions, as Application Note 4(C) of Section 5G1.3(d) of the Guidelines states that "the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation" of supervised release. U.S.S.G. § 5G1.3(d) application n. 4(C). The district court correctly calculated the Guidelines range for Sosa-Ramirez's illegal re-entry to be 70-87 months and for the violation of supervised release to be 21-27 months. App'x at 59. The total sentence of 74 months was therefore within the range for the illegal re-entry alone and will below the total range of 91-114 months. The district court further noted that, in order to avoid possible double-counting of Sosa-Ramirez's criminal history, it had adjusted its sentence on the instant offense conduct to a "mid-range," below-Guidelines sentence to account for Sosa-Ramirez's consecutive sentence on his violation of supervised release. App'x at 62.

Sosa-Ramirez also argues that his sentence was substantively unreasonable. We cannot say that either the below-Guidelines 50-month sentence for illegal re-entry, or the within-Guidelines 24-month sentence for violation of supervised release, is "shockingly high." *Rigas*, 583 F.3d at 123. These sentences are particularly appropriate because Sosa-Ramirez received a

lenient sentence when he committed a previous crime because he promised not to come back to the United States, but then proceeded to break that promise. Further, the district court appropriately exercised its discretion and followed the Guidelines in imposing consecutive sentences for Sosa-Ramirez's instant offense conduct and his violation of supervised release. *See* U.S.S.G. § 5G1.3(d) & application n. 4(C).

Additionally, we reject Sosa-Ramirez's arguments that he should not be penalized for violating a term of his supervised release since he had been deported. This Court has held that supervised release does not terminate upon deportation. *See United States v. Roccisano*, 673 F.3d 153, 157 (2d Cir. 2012). Sosa-Ramirez was subject to the terms of his supervised release notwithstanding his deportation and therefore may properly be sentenced for violating his supervised release as a result of his illegal re-entry.

We have considered the remainder of Sosa-Ramirez's arguments and find them to be without merit. Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk