19-1840
*United States v. Vasquez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty.

PRESENT:  RICHARD J. SULLIVAN,
                MICHAEL H. PARK,
                WILLIAM J. NARDINI,
                  *Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

      *Appellee,*

    v.                                      Nos. 18-3565(L), 19-764,[*]
                                           19-1840

MATTHEW VASQUEZ, AKA Cabeza,

      *Defendant-Appellant,*

---

[*] The appeal captioned 18-3565 has been withdrawn by order entered on June 4, 2019, and pursuant to a FRAP 42 stipulation entered July 22, 2019, the appeal captioned No. 19-764 has been withdrawn and dismissed with prejudice. The Clerk of Court is respectfully directed to amend the caption accordingly.

Gabriel Guillen, AKA Toti, Edward Jimenez,
AKA Buzzy, Wilson Guillen, Joel Tapia, AKA
Emelio Vasquez, Yeison Saldana, AKA Jay, Jason
Llanes, AKA Jay Murder, Gabriel Carrion, AKA
Gaby, Moises Suero, Richard Jose, AKA Kiki,
Jhoan Pichardo, AKA Flaco, Rafael Rodriguez,
AKA Rafi, AKA Los, Carlos Perez, Zoraida Ramirez,

*Defendants.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Donald duBoulay, Law Offices of Donald duBoulay, New York, NY. |
| FOR APPELLEE: | Margaret Graham, Won Shin, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of conviction in the United States District Court for the Southern District of New York (Kimba Wood, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Matthew Vasquez appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Wood, *J.*) following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C.

2

§§ 846 and 841(b)(1)(C). In the plea agreement, the parties agreed to a stipulated Guidelines range of 57 to 71 months' imprisonment. The Probation Office later determined, however, that Vasquez had an additional conviction that was not reflected in the agreement. As detailed in the Presentence Investigation Report, this additional conviction caused Vasquez to qualify as a career offender under U.S.S.G. § 4B1.1(b), increasing the applicable Guidelines range to 151 to 188 months' imprisonment. At sentencing, the district court sentenced Vasquez to 83 months' imprisonment. On appeal, Vasquez argues that his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's sentencing decision for procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). A sentencing court commits procedural error if, among other things, it "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," or "fails adequately to explain its chosen sentence." *Id.* (internal quotation marks omitted). A sentence is substantively unreasonable "only in exceptional cases

3

where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

Vasquez asserts that the district court committed procedural error in "limiting the extent to which it was willing to vary from the Guidelines range out of an expressed concern for avoiding 'unwarranted sentencing disparities'" between Vasquez and similarly situated defendants. Appellant's Br. at 11. He argues that where similarities among defendants arise from application of U.S.S.G. § 4B1.1, the career offender Guideline, deferring to a Guidelines range "has the perverse effect of *increasing* sentencing disparities, especially those between different racial groups." *Id.* We see no error in a court's consideration of the need to avoid disparities between defendants with similar records and criminal history as classified and determined by the Guidelines. Further, the record does not support Vasquez's claim that the court "interpreted [18 U.S.C.] § 3553(a)(6) as imposing more substantial limitations on [its] sentencing discretion than warranted." Appellant's Br. at 20. Rather, the court carefully considered all the § 3553(a) factors before imposing a substantially below-Guidelines sentence, which was procedurally reasonable.

Vasquez's sentence was also substantively reasonable, as we cannot say that his sentence was "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States. v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). As noted, Vasquez's 83-month sentence is significantly below the undisputed applicable Guidelines range of 151 to 188 months' imprisonment. It is "difficult to find that a below-Guidelines sentence" is substantively unreasonable. *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011). Nevertheless, Vasquez argues that his sentence was unreasonable because the district court failed to consider the mitigation report included with Vasquez's sentencing submission. We disagree. While the court did not explicitly refer to the report during the hearing, we see no basis in the record to think that the judge failed to consider it, particularly as she stated that she had reviewed the "the defense submission, which includes many letters." App'x at 59. "In the absence of record evidence suggesting otherwise, we presume that sentencing judges faithfully discharge their duties at sentencing." *United States v. Roccisano*, 673 F.3d 153, 158 (2d Cir. 2012).

We also reject Vasquez's contention that his 83-month sentence was substantively unreasonable because it was disproportionate to his co-defendants' sentences. Sentencing courts are not required to consider sentencing disparities

5

among co-defendants. *See United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). Nevertheless, the court here considered Vasquez's relative culpability in the present offense and compared his criminal history to that of his co-defendants. In doing so, it reasonably concluded that Vasquez's circumstances warranted the sentence imposed. Accordingly, Vasquez's challenge to the substantive reasonableness of his sentence fails.

We have considered Vasquez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
