**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2973
_____

UNITED STATES OF AMERICA

v.

DAWUD ROGERS,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 4-17-cr-00048-001)
District Judge: Hon. Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 3, 2019
_____

Before: SHWARTZ, SCIRICA, and FUENTES, Circuit Judges.

(Filed: November 22, 2019)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Dawud Rogers pled guilty to distribution and possession with intent to distribute heroin and was sentenced to 120 months' imprisonment. Rogers appeals. Rogers' counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738, 744 (1967). We will grant the motion and affirm.

I

Rogers was charged with and pled guilty to distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). Thereafter, the Probation Office prepared a Presentence Investigation Report ("PSR") recommending a Sentencing Guidelines range of 188 to 235 months' imprisonment, based on a total offense level of 31 and criminal history category of VI. Rogers filed motions for variance and departure and chiefly objected to the PSR's conclusion that his prior felony convictions for controlled substance offenses under Pennsylvania law triggered a career offender designation.[1] Before his sentencing, we rejected this argument. United States v. Glass, 904 F.3d 319, 321 (3d Cir. 2018), cert. denied, 139 S. Ct. 840 (2019).

At the sentencing hearing, Rogers attempted to preserve the issue in the event we revisited Glass en banc or the Supreme Court granted certiorari. Concluding that Glass was binding precedent that directly addressed the issue, the District Court overruled Rogers' objection to his designation as a career offender. The Court accordingly adopted

---

[1] Specifically, Rogers was convicted in 2001 and 2010 of possession with intent to deliver a controlled substance and delivery of a controlled substance, respectively, under 35 Pa. Cons. Stat. § 780-113(a)(30).

the PSR's findings and recommended Guidelines range. The Court next addressed

Rogers' motion for a departure based on his claimed overrepresented criminal history.

The Court denied the motion, concluding that Rogers' criminal history category did not

substantially overrepresent his criminal history or the likelihood that he would commit

other crimes. The Court then considered factors under 18 U.S.C. § 3553(a), varied below

the Guidelines range, and imposed a sentence of 120 months' imprisonment, a fine of

$1,100, and six years' supervised release.

Rogers' counsel filed an appeal and a motion to withdraw, asserting that there are

no nonfrivolous grounds for appeal.[2]

## II[3]

Under Anders, 386 U.S. at 744, a lawyer representing an indigent criminal

defendant may withdraw from a case on appeal "when the indigent criminal defendant he

represents wishes to pursue frivolous arguments." United States v. Youla, 241 F.3d 296,

299 (3d Cir. 2001). "Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines

the Supreme Court promulgated in Anders to assure that indigent clients receive adequate

and fair representation." Id. at 300. This rule allows defense counsel to file a motion to

withdraw and an accompanying brief pursuant to Anders when counsel has reviewed the

---

[2] Rogers was informed that he could file a pro se brief in support of his appeal but has not done so.

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because Rogers did not object to the validity of his guilty plea or the reasonableness of his sentence (aside from the career offender designation), our review is for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc); United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008).

record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a).

When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). Under the first inquiry, an Anders brief must (a) show that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, and (b) explain why the issues are frivolous. Marvin, 211 F.3d at 779-81. A frivolous issue "lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988); accord Youla, 241 F.3d at 301 ("An appeal on a matter of law is frivolous where [none] of the legal points [are] arguable on their merits.") (alterations in original) (internal quotation marks and citations omitted). If these requirements are met, we then conduct an independent review of the record. The Anders brief guides our review, and we need not scour the record in search of nonfrivolous issues. See Youla, 241 F.3d at 300-01.

A

Counsel's brief fulfills the requirements of Local Rule 109.2(a). Counsel has identified and discussed the only three issues a defendant who has entered an unconditional guilty plea (as here) may raise on appeal: (1) whether the district court had jurisdiction, (2) whether the guilty plea was entered knowingly and voluntarily, and (3) whether the sentence imposed was both procedurally and substantively reasonable. See United States v. Broce, 488 U.S. 563, 569 (1989). Counsel also explained why there are

4

no nonfrivolous issues on these subjects. Accordingly, counsel's brief is adequate under

Anders, and we therefore review whether the issues identified are frivolous.

B

We conclude there are no nonfrivolous issues. First, the District Court has

jurisdiction.[4] Rogers was charged with a federal offense, namely distribution and

possession with intent to distribute heroin under 21 U.S.C. § 841(a)(1). Federal district

courts have jurisdiction over federal offenses pursuant to 18 U.S.C. § 3231, and, as such,

any jurisdictional argument would be frivolous.

Second, the plea colloquy shows that Rogers' guilty plea was valid under the

Constitution and Federal Rule of Criminal Procedure 11.[5] During the plea hearing, the

District Court ensured that Rogers was competent, notified of the charges, and advised of

his constitutional rights, including that he could plead not guilty and proceed to trial with

---

[4] Our review of jurisdictional issues is plenary. United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

[5] When a defendant enters a guilty plea, he waives various constitutional rights, and those rights must be specifically addressed during a plea hearing. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Accordingly, Rule 11 requires that a district court advise the defendant of, among other things,

> the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines and discretion to depart from those Guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (internal quotation marks, citations, and alterations omitted). The district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty." Id. at 203.

5

the assistance of counsel who could cross-examine witnesses, that he had a right to testify or not testify and subpoena witnesses, and that the jury would presume him innocent, unless and until the Government proved his guilt beyond a reasonable doubt. The Court also informed Rogers of the maximum penalties he faced and explained that, in its sentence, it would consider but could depart from the Guidelines. Finally, the Court found that there was a factual basis for Rogers' guilty plea, it was knowing and voluntary, and he understood his rights and the consequences of his plea. Therefore, there are no issues of arguable merit with respect to Rogers' plea.

Third, Rogers' sentence was both procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). With respect to procedural reasonableness, a district court must (1) calculate the applicable Guidelines range, (2) consider any departure motions, and (3) meaningfully consider all relevant 18 U.S.C. § 3553(a) factors, including any variance requests. United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010). "If a district court's procedure passes muster, 'we then . . . consider [a sentence's] substantive reasonableness.'" Tomko, 562 F.3d at 567 (quoting United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008)). A sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Id. at 568.

As to the applicable Guidelines range, Rogers challenged the Court's use of his prior Pennsylvania drug convictions as predicates for a career offender designation, U.S.S.G. § 4B1.1. "[A] defendant qualifies for a career-offender enhancement under the

6

Guidelines if he . . . 'has at least two prior felony convictions of . . . a controlled substance offense.'" Glass, 904 F.3d at 321 (quoting U.S.S.G. § 4B1.1(a)). "A state conviction cannot qualify as a 'controlled substance offense' if its elements are broader than those listed in § 4B1.2(b)." Id. (quoting Mathis v. United States, 136 S. Ct. 2243, 2251 (2016)). In Glass, we held that the Pennsylvania drug statute's elements are not broader than those in § 4B1.2(b). Id. at 322-23. Thus, the District Court correctly found that Rogers' Pennsylvania drug convictions triggered application of the career offender provision, and any claim they did not would be frivolous.

The District Court also gave "rational and meaningful" consideration to the § 3553(a) factors—including Rogers' background, persistent drug abuse, considerable criminal history, and the need for just punishment, deterrence, and rehabilitation, see Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)), and granted Rogers' variance motion, imposing a below-Guidelines sentence. Thus, the Court's sentence was procedurally reasonable.[6]

The sentence was also substantively reasonable. Based on Rogers' criminal record, including the fact that he committed multiple drug offenses, the nature of his

---

[6] At sentencing, Rogers also objected to the relevance of certain information the Government proffered concerning Rogers' role in supplying heroin that resulted in the death of the purchaser. There is no nonfrivolous issue concerning the presentation of this evidence, especially since it appears that the District Court did not consider the incident in its application of the § 3553 factors and its imposition of a below-Guidelines sentence where the Government offered this evidence to support its request for a sentence at the high end of the range. Because the Court did not rely on this evidence, allowing its presentation could not be plain error, see United States v. Ferguson, 876 F.3d 512, 514-15 (3d Cir. 2017), and any complaint about it would have been frivolous.

offense, and his drug history, we cannot say that "no reasonable sentencing court would have imposed" the below-Guidelines sentence of 120 months' imprisonment that the District Court ordered here.  Id.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.