**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2980
_____

UNITED STATES OF AMERICA

v.

JOHN DAVID GOLOM,
a/k/a Robert Lupo;
a/k/a Bobby Lupo;
a/k/a John Golum,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3-19-cr-00159-001)
U.S. District Judge:  Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2023
_____

Before:  SHWARTZ, MATEY, and SCIRICA, <u>Circuit Judges</u>.

(Filed:  October 4, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

John David Golom appeals his conviction and sentence for conspiracy to commit sex trafficking by force, fraud, and coercion. Because there are no nonfrivolous issues warranting review, we will grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

As a result of an undercover operation, law enforcement learned that Golom had been trafficking two women to engage in commercial sex. After his arrest, Golom admitted to some of his conduct, including that he first approached one of his victims, who was homeless at the time, as she was walking to the hospital for psychiatric treatment. Golom, however, blamed his sex trafficking conduct on his victims and claimed that he did not receive any of the money from the trafficking, which was contradicted by video recordings and the victims' statements. Law enforcement also learned that Golom called his ex-wife from prison and directed her to warn one of his victims not to speak to the authorities.

Golom pleaded guilty to a superseding information charging him with conspiracy to commit sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. §§ 1594(c) and 1591(b)(1).

At sentencing, the District Court adopted the Presentence Investigation Report's ("PSR") United States Sentencing Guidelines ("Guidelines") range calculation of 324 to 405 months' imprisonment based on a total offense level of thirty-seven and a criminal

2

history category of V.[1]  Over Golom's objections, the Court applied (1) a two-level

increase in the offense level under U.S.S.G. § 3C1.1 for obstruction of justice because

Golom made multiple false statements to law enforcement, and (2) a two-level increase

under U.S.S.G. § 3A1.1(b)(1) because one of his victims was vulnerable due to her

homelessness and mental illnesses.  The Court also denied Golom's departure motion

under U.S.S.G. § 5H1.4 based on his medical condition because many of his conditions

existed before and during the period of his criminal conduct and he has and will continue

to receive adequate care in prison.  After hearing from one of the victims and considering

the 18 U.S.C. § 3553(a) factors, the Court imposed a sentence of 405 months'

imprisonment and ten years' supervised release.[2]

Golom's counsel filed an appeal on Golom's behalf and, finding no nonfrivolous

arguments, moved to withdraw under Anders.[3]

## II[4]

## A

Our local rules allow defense counsel to file a motion to withdraw and an

accompanying brief under Anders when counsel has reviewed the record and concludes

---

[1] The PSR initially deemed Golom a career offender, which resulted in a Guidelines range of 360 months to life, but after our decisions in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc), and United States v. Abreu, 32 F.4th 271 (3d Cir. 2022), Golom was no longer considered a career offender, and his criminal history category was reduced to V.

[2] The District Court also ordered Golom to pay restitution of more than $300,000 to one of the victims.

[3] Golom did not file his own pro se brief despite having the option to do so.

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

that "the appeal presents no issue of even arguable merit." Third Circuit L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).[5]

To determine whether counsel has fulfilled his obligations, we examine the Anders brief to see if it (1) shows that he has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000), and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

B

Golom's counsel has satisfied his Anders obligations. Counsel correctly recognized that, because Golom pled guilty, his appellate issues are limited to the District Court's jurisdiction, the voluntariness of his plea, and the reasonableness of his sentence. See United States v. Broce, 488 U.S. 563, 569 (1989). The Anders brief explains why any challenge to the Court's jurisdiction, Golom's plea, and the sentence lacks support.

---

[5] We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988).

4

Therefore, counsel's brief is sufficient, Youla, 241 F.3d at 300, and we agree that there are no nonfrivolous issues for appeal.

First, the District Court had jurisdiction because Golom was charged with violating 18 U.S.C. § 1594, a federal statute.[6] See 18 U.S.C. § 3231. Moreover, venue in the Middle District of Pennsylvania was proper because Golom's offense largely occurred in Monroe County, which is in the Middle District. Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed."). Thus, any challenge to the District Court's jurisdiction would be frivolous.

Second, any challenge to the knowing and voluntary nature of Golom's plea would also be frivolous.[7] Under the Constitution and Federal Rule of Criminal Procedure 11, before accepting a guilty plea, "[t]he court must advise the defendant . . . of the waiver of certain constitutional rights[,] . . . the nature of the charges to which he or she is pleading guilty, the 'maximum possible penalty' to which he or she is exposed, [and] the court's 'obligation to'" apply the Guidelines and discretion to depart from the Guidelines. United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b)).

---

[6] Our review of jurisdictional issues is plenary. United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

[7] Because Golom did not object to the plea colloquy in the District Court, we review for plain error. United States v. Goodson, 544 F.3d 529, 539 & n.9 (3d Cir. 2008). To establish plain error, a defendant must show (1) an error, (2) which was plain, and (3) that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). If a party can show plain error, we may exercise our discretion to correct the error if it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. at 736.

Here, as counsel correctly observes, the District Court's plea colloquy complied with the Constitution and Rule 11 in all respects except that the Court failed to inform Golom that the Government could use any statement he made under oath in a prosecution for perjury.[8] See Fed. R. Crim. P. 11(b)(1)(A). Nevertheless, the Court's omission did not affect Golom's substantial rights because there is nothing in the record to indicate Golom would not have entered the plea had he been told about the risk of a perjury charge. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."). Moreover, even if Golom were to say that he would not have entered a plea had he known any false statement at the plea hearing could be used in a perjury prosecution, we would decline to exercise our discretion to correct the error because the absence of the perjury warning alone would not seriously affect the integrity of the judicial proceedings, United States v. Olano, 507 U.S. 725, 736 (1993), since a defendant should not expect that false statements to a court are ever acceptable. Moreover, the record makes clear that Golom understood all his rights and the consequences of his guilty plea, and there is no evidence that Golom perjured

---

[8] The District Court's plea colloquy was sufficient in all other respects because the Court (1) advised Golom that he could plead not guilty and proceed to trial at which he would have the right to counsel who could confront, cross-examine, and subpoena witnesses, that he had a right to testify, or not, at trial, and that the jury would presume him innocent unless the Government proved his guilt beyond a reasonable doubt, (2) informed Golom of the penalties he faced, including the maximum sentence of life imprisonment, a life term of supervised release, and a $250,000 fine, and (3) found that there was a factual basis for the guilty plea.

himself or that the Government would bring perjury charges. Thus, on plain error review, Golom is not entitled to relief based on the Court's omission, and any appeal challenging his plea would be frivolous.

Third, Golom's sentence was procedurally and substantively reasonable.[9] See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). As to procedural reasonableness, the District Court followed United States v. Gunter's three-step procedure, which requires a court to (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant factors under § 3553(a). 462 F.3d 237, 247 (3d Cir. 2006).

The District Court fulfilled these requirements. It accurately calculated a total offense level of thirty-seven, which reflects, in relevant part, a two-level upward adjustment for obstruction of justice, U.S.S.G. § 3C1.1, and a two-level upward adjustment for committing an offense against a vulnerable victim, U.S.S.G. § 3A1.1(b)(1).[10] Both enhancements were supported by the facts. The obstruction of justice enhancement applies where the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation [or] prosecution" of the offense of conviction. U.S.S.G. § 3C1.1. Here,

---

[9] We review the procedural and substantive reasonableness of a sentence for abuse of discretion. United States v. Pawlowski, 27 F.4th 897, 911 (3d Cir. 2022).

[10] "We review the District Court's interpretation of the Sentencing Guidelines de novo, and scrutinize any findings of fact for clear error." United States v. Rodriguez, 40 F.4th 117, 120 (3d Cir. 2022) (quotations omitted). "If the legal issue decided by the district court is, in essence, a factual question, the District Court can abuse its discretion in applying [an] enhancement based on a particular set of facts only if those facts were clearly erroneous." Id. (quotations and alterations omitted).

7

Golom made multiple false statements to law enforcement and attempted to prevent one of his victims from speaking to the authorities. Thus, application of the obstruction of justice enhancement was proper.

The same is true of the vulnerable victim enhancement, which applies where "the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). A "vulnerable victim" is a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1(b)(1) cmt. n.2. Here, Golom knew one of his victims had been homeless and suffered from severe mental illnesses requiring hospitalization on multiple occasions, which made her susceptible to his threats of putting her on the street if she did not continue her prostitution activities. Therefore, the District Court did not abuse its discretion in applying the enhancement.

The District Court also considered and denied Golom's departure motion under U.S.S.G. § 5H1.4 for his physical condition. We lack jurisdiction to review a discretionary denial of a downward departure "once we determine that the district court properly understood its authority to grant a departure." United States v. Minutoli, 374 F.3d 236, 239 (3d Cir. 2004). Because the District Court recognized that it could grant a downward departure for an extraordinary medical condition, we lack jurisdiction to review any challenge to its denial of the request for such a departure.

Finally, the District Court gave "rational and meaningful consideration" to the § 3553(a) factors. Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). The record shows that the Court applied the § 3553(a)

8

factors by (1) discussing the "depraved" nature of the instant offense, App. 199, including that Golom repeatedly abused his victims, covertly recorded videos of the commercial sex transactions, and withheld all money from his victims, (2) considering Golom's personal history and characteristics, including his physical and mental health issues and extensive criminal history, and (3) explaining that a sentence at the high end of the Guidelines range was necessary to provide just punishment given that Golom "destroy[ed] the lives of two women . . . . without remorse or compassion for either one of them," App. 203; see United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008) (explaining that the district court's reasoning is adequate when it provides "an explanation . . . sufficient for [the appellate court] to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)"). As such, any argument that Golom's sentence was procedurally unreasonable would be frivolous.

The sentence was also substantively reasonable. In determining whether a sentence is substantively reasonable, we "apply the § 3553(a) factors based on the totality of the circumstances," United States v. King, 604 F.3d 125, 144 (3d Cir. 2010), and will only reverse the sentence if "no reasonable sentencing court would have imposed" it, Tomko, 562 F.3d at 568. The District Court weighed the nature of the instant offense, Golom's lack of remorse, and his prior criminal history against mitigating factors, such as his health issues, and concluded a sentence at the top of the Guidelines range was necessary to punish and deter him. Because a within-Guidelines sentence is presumptively reasonable, see United States v. Pawlowski, 27 F.4th 897, 912 (3d Cir.

9

2022), and we cannot conclude that no reasonable sentencing court would have imposed the same sentence upon this defendant given the conduct in which he engaged, <u>Tomko</u>, 562 F.3d at 568, any challenge to the substantive reasonableness of Golom's sentence would lack merit.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.