**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1685
_____

UNITED STATES OF AMERICA

v.

ANDREW BARBEAU,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 4-21-cr-00154-001)
U.S. District Judge:  Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 5, 2023
_____

Before:  SHWARTZ, CHUNG, and MCKEE, <u>Circuit Judges</u>.

(Filed:  December 6, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Andrew Barbeau appeals his conviction and sentence for possession with intent to distribute controlled substances and possession of a firearm by a convicted felon. Because there are no nonfrivolous issues warranting review, we will grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

After conducting two controlled purchases of fentanyl from Barbeau, law enforcement searched Barbeau's residence and vehicle and found, among other things, fentanyl, drug packaging materials, and an AR-15 rifle. At the time of the search, Barbeau had a state felony conviction for conspiracy to commit aggravated assault. Barbeau was charged with, and entered a guilty plea to, (1) possession with intent to distribute 400 grams and more of a substance containing fentanyl and a substance containing oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the District Court adopted the Presentence Investigation Report's ("PSR") Guidelines range calculation of 120 to 125 months' imprisonment, based on a total offense level of twenty-seven, a criminal history category of four, and a mandatory minimum of ten years' imprisonment under 21 U.S.C. § 841(b)(1)(A). The Government requested that the mandatory minimum sentence be imposed. Barbeau requested leniency because of (1) the trauma he experienced from being sent to prison at sixteen and the deaths of his brother and the mother of his child, (2) his drug addiction, and (3) the fact that he is a single parent. After considering the 18 U.S.C. § 3553(a) factors,

2

the District Court imposed 120 months' imprisonment on each count, to run concurrently, and five years' supervised release. At the time of sentencing, Barbeau had a pending criminal case in state court for unrelated charges. Barbeau did not request, and the District Court did not order, that his federal sentence run concurrently with any future sentence in the state case.

Barbeau appeals, and his counsel has moved to withdraw under Anders.[1]

## II[2]

### A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a) (2011). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).[3]

To determine whether counsel has fulfilled his obligations, we examine the Anders

---

[1] Barbeau did not file his own pro se brief despite having the option to do so.
[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
[3] We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988).

brief to see if it (1) shows that he has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, Smith v. Robbins, 528 U.S. 259, 285 (2000), and (2) explains why any of the identified issues are frivolous, United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

B

Counsel has satisfied his Anders obligations. Counsel correctly recognized that because Barbeau pleaded guilty, his appellate issues are limited to (1) the District Court's jurisdiction, (2) the voluntariness of his plea, and (3) the reasonableness of his sentence. See United States v. Broce, 488 U.S. 563, 569 (1989); 18 U.S.C. § 3742. The Anders brief explains why any challenge to the Court's jurisdiction, Barbeau's plea, or the sentence lacks support. Therefore, counsel's brief is sufficient, Youla, 241 F.3d at 300, and we agree that there are no nonfrivolous issues for appeal.

First, the District Court had jurisdiction because Barbeau was charged with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1), which are federal statutes.[4] See 18 U.S.C. § 3231. Thus, any challenge to the District Court's jurisdiction would be frivolous.

Second, any challenge to the knowing and voluntary nature of Barbeau's plea

---

[4] Our review of jurisdictional issues is plenary. United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

4

would lack merit.[5] Under the Constitution and Federal Rule of Criminal Procedure 11, before accepting a guilty plea, "[t]he court must advise the defendant . . . of the waiver of certain constitutional rights[,] . . . the nature of the charges to which he or she is pleading guilty, the 'maximum possible penalty' to which he or she is exposed, [and] the court's 'obligation to apply the Sentencing Guidelines'" and discretion to depart from them. United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b)).

Here, as counsel correctly observes, the District Court's plea colloquy complied with the Constitution and Rule 11 in all respects. During the plea hearing, the District Court: (1) placed Barbeau under oath, questioned him in open court, explained that false answers could subject him to prosecution for perjury, and confirmed his competence and that no one threatened him to plead guilty; (2) reviewed his constitutional rights, including (a) his right to plead not guilty and proceed to trial with the assistance of counsel who could confront, cross examine, and subpoena witnesses; (b) his right to testify or not testify at trial; and (c) that the jury would presume him innocent unless the Government proved his guilt beyond a reasonable doubt. The Court also informed Barbeau of the penalties he faced, explained the applicable Sentencing Guidelines, and described other consequences of his plea. Finally, the record shows that there was a factual basis for the plea. Because the plea complied with the Constitution and Rule 11

---

[5] Because Barbeau did not object to the plea colloquy in the District Court, we review for plain error. United States v. Goodson, 544 F.3d 529, 539 & n.9 (3d Cir. 2008).

and the record supports the Court's finding that the plea was knowing and voluntary, there is no issue of arguable merit concerning the plea's validity.

Third, Barbeau's sentence was procedurally and substantively reasonable.[6]  See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc).  As to procedural reasonableness, the District Court followed United States v. Gunter's three-step procedure, which requires that a district court (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully consider all relevant § 3553(a) factors.  462 F.3d 237, 247 (3d Cir. 2006).  The Court first identified the applicable Guideline provision and correctly calculated the Guidelines range.[7]  Second, there were no departure motions.  Third, the Court gave the § 3553(a) factors "rational and meaningful consideration."  Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).  Barbeau and his counsel informed the Court of his past trauma and history of drug abuse.  Mindful of these facts, the Court concluded that a custodial sentence was necessary in light of the seriousness of Barbeau's conduct and his long criminal history.  The Court therefore complied with Gunter and imposed a procedurally reasonable sentence.

---

[6] Because Barbeau made no objections to the procedural reasonableness of his sentence, we review for plain error.  United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).  We review substantive reasonableness of a sentence for abuse of discretion.  United States v. Pawlowski, 27 F.4th 897, 911 (3d Cir. 2022).

[7] The District Court adopted the PSR's recommended Guidelines range, which accurately calculated a range of 120 to 125 months' imprisonment based on the total offense level of twenty-seven, a criminal history category of four, and a mandatory minimum of ten years' imprisonment under 21 U.S.C. § 841(b)(1)(A).  The total offense level reflected a reduction for Barbeau's acceptance of responsibility for his actions.

Barbeau's sentence was also substantively reasonable. In reviewing whether a sentence is substantively reasonable, we determine whether the District Court "appl[ied] the § 3553(a) factors based on the totality of the circumstances," United States v. King, 604 F.3d 126, 144 (3d Cir. 2010), and will reverse the sentence only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," Tomko, 562 F.3d at 568. Because the sentence here falls within the Guidelines range, we can presume its reasonableness. See Rita v. United States, 551 U.S. 338, 347 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."). Furthermore, given Barbeau's offense conduct and lengthy criminal history, we cannot conclude that no reasonable sentencing court would have imposed the same sentence.

The fact that the District Court did not order Barbeau's federal sentence to run concurrently with the sentence in his pending state case was not unreasonable.[8] District courts have discretion to determine whether a sentence should run consecutively to or concurrently with a state sentence. See 18 U.S.C. § 3584; Setser v. United States, 566 U.S. 231, 236 (2012) (holding that this discretion extends to situations in which "a federal judge anticipates a state sentence that has not yet been imposed"). Here, we cannot conclude that the District Court abused its discretion by not ordering Barbeau's federal sentence to run concurrently with the sentence in the pending state case

[8] Because Barbeau did not raise this objection at sentencing, we review for plain error. See Flores-Mejia, 759 F.3d at 256.

7

particularly where the state case involved separate criminal conduct. Thus, any challenge to the substantive reasonableness of Barbeau's sentence would lack merit.

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.