**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1305

_____

UNITED STATES OF AMERICA

v.

CLIFTON SHIELDS,
also known as "D",
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1:08-cr-00314-002)
U.S. District Judge:  Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2023

_____

Before: SHWARTZ, CHUNG and MCKEE, <u>Circuit Judges</u>.

(Filed:  December 7, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Clifton Shields appeals his sentence of time served for his drug convictions. Because there are no nonfrivolous issues warranting review, we will grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

Shields was convicted in 2008 of distributing and possessing with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), and conspiring to do so, in violation of 21 U.S.C. § 846, and was sentenced to 360 months' imprisonment and five years' supervised release. United States v. Shields, 48 F.4th 183, 187 (3d Cir. 2022). We affirmed the conviction and sentence, holding that Shields qualified as a career offender, United States v. Byrd, 415 F. App'x 437, 443 (3d Cir. 2011) (nonprecedential), and explaining that his present offense, past weapons use, recidivism and the need to protect the public support his "bottom of the [United States Sentencing] Guidelines range" sentence. Id. at 441.

In 2019, Shields moved for resentencing under § 404(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Shields, 48 F.4th at 188. The District Court denied Shields's request for a full resentencing hearing and concluded that it could not consider Shields's argument that he was no longer a career offender at the 2019 First Step Act resentencing but nevertheless reduced his sentence to 262 months' imprisonment based on "the interests of justice," the Bureau of Prison's individualized reentry plan, and his post-sentencing rehabilitation. United States v. Shields, No. 1:08-CR-314, 2019 WL

3003425, at *4 n.4, *7 (M.D. Pa. July 10, 2019), <u>vacated and remanded</u>, 48 F.4th 183 (3d

Cir. 2022).

Shields appealed, and we vacated the reduced sentence and remanded for the

District Court to consider Shields's (1) argument that he no longer qualified as a career

offender, and (2) request to file an updated sentencing memorandum. <u>Shields</u>, 48 F.4th at

192-95.

On remand, the United States Probation Office prepared a revised addendum to

the presentence report ("PSR"), which indicated that Shields is no longer a career

offender, and, therefore, his Guideline imprisonment range was 135 to 168 months based

on a total offense level of thirty and a criminal history category of IV. The District Court

agreed with these recommendations. At the time of the resentencing hearing, Shields had

already served approximately 174 months and eleven days. The Court analyzed the §

3553(a) factors and resentenced Shields to time served and four years' supervised release.

Shields appeals, and his counsel has moved to withdraw under <u>Anders</u>.[1]

II[2]

A

Our local rules allow defense counsel to file a motion to withdraw and an

---

[1] Shields did not file his own pro se brief despite having the option to do so.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and jurisdiction to consider his motion under the First Step Act pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the Act, 132 Stat. at 5222. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." Third Circuit L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).[3]

To determine whether counsel has fulfilled his obligations, we examine the Anders brief to see if it (1) shows that he has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, Smith v. Robbins, 528 U.S. 259, 285 (2000), and (2) explains why any of the identified issues are frivolous, Marvin, 211 F.3d at 780-81. If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

B

Counsel has satisfied his Anders obligations. Counsel correctly recognized that Shields may only appeal the District Court's jurisdiction and the legality and reasonableness of its most recent sentence. The Anders brief explains why any challenge

_____

[3] We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988).

4

to the District Court's jurisdiction and the sentence lacks support.  Therefore, counsel's brief is sufficient, Youla, 241 F.3d at 300, and we agree that there are no nonfrivolous issues for appeal.

First, the District Court had jurisdiction because Shields was charged with violating 21 U.S.C. §§ 846 & 841(a)(1), which are federal statutes.  See 18 U.S.C. § 3231.[4]  Thus, any challenge to the Court's jurisdiction would be frivolous.

Second, Shields's sentence was procedurally and substantively reasonable.[5]  See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc).  As to procedural reasonableness, the District Court complied with our mandate in the previous appeal to consider the arguments concerning Shields's status as a career offender and events post-dating his original sentence.  It then followed United States v. Gunter's three-step procedure requiring district courts to (1) calculate the applicable Guidelines range, which in First Step Act cases, such as this one, means calculating the Guidelines range "to reflect [only] the retroactive application of the Fair Sentencing Act," Concepcion v. United States, 142 S. Ct. 2389, 2402 n.6 (2022), (2) consider departure motions, and (3) meaningfully consider all relevant § 3553(a) factors.  United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).  Here, (1) the Court identified the applicable Guideline

---

[4] Our review of jurisdictional issues is plenary.  United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

[5] Because Shields did not object to the procedural reasonableness of his resentence, we review for plain error.  United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).  We review the substantive reasonableness of a sentence for abuse of discretion.  United States v. Pawlowski, 27 F.4th 897, 911 (3d Cir. 2022).

provision and correctly calculated the Guidelines range,[6] (2) there were no departure motions, and (3) the Court gave the § 3553(a) factors "rational and meaningful consideration." Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). Mindful of the fact that Shields's suggested Guideline range was lower than the time he had already spent in prison and of Shields's self-improvement efforts while incarcerated, the Court concluded that a sentence of time served was appropriate. Moreover, the Court's imposition of four-years' supervised release on each count was required by 21 U.S.C. § 841(b)(I)(B). The Court therefore complied with Gunter and imposed a procedurally reasonable sentence.

Shields's sentence was also substantively reasonable. In determining whether a sentence is substantively reasonable, we "apply the § 3553(a) factors based on the totality of the circumstances," United States v. King, 604 F.3d 125, 144 (3d Cir. 2010) (first citing United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006); then citing Tomko, 562 F.3d at 567), and will reverse the sentence only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," Tomko, 562 F.3d at 568. Shields's time-served sentence was reasonable as it both reflected that the Guidelines range was below the amount of time he had already served and that he used his time in prison for self-improvement, **App. 92.**

---

[6] The District Court adopted the revised addendum to the PSR's recommended Guidelines range, which accurately calculated a range of 130 to 168 months' imprisonment based on the total offense level of thirty, a criminal history category of IV, and a mandatory minimum of five years' imprisonment under 21 U.S.C. § 841(b)(1)(B).

Thus, we cannot conclude that no reasonable sentencing court would have imposed the same sentence. See Rita v. United States, 551 U.S. 338, 347 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."). Therefore, any challenge to the substantive reasonableness of Shields's sentence lacks merit.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.