**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1681
_____

UNITED STATES OF AMERICA

v.

BRET SOBOLEWSKI,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-03-cr-00830-001)
U.S. District Judge:  Honorable John M. Younge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 5, 2024
_____

Before:  SHWARTZ, RENDELL, and AMBRO, <u>Circuit Judges</u>.

(Filed:  March 6, 2024)
_____

OPINION*
_____

_____

     * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Bret Sobolewski appeals the District Court's judgment that he violated his terms of supervised release. Because Sobolewski has completed his sentence and has not shown the violation has any collateral consequences, his appeal is therefore moot. Thus, we will grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and dismiss his appeal.

I

In 2005, Sobolewski was convicted of conspiracy to commit a series of bank robbery along with completing, or aiding and abetting, those robberies. He was sentenced to 262 months' imprisonment, three years' supervised release, restitution, and a special assessment. We affirmed his judgment and conviction. United States v. Sobolewski, 229 F. App'x 73, 77 (3d Cir. 2007) (nonprecedential). Several years later, the District Court resentenced Sobolewski to 200 months' imprisonment and other penalties. We affirmed this new judgment. United States v. Sobolewski, No. 10 Crim. 2867 (3d Cir. June 27, 2011).

In May 2020, Sobolewski was released from custody, and several months later he violated his conditions of release. The District Court revoked his supervised release and sentenced him to eighteen months' imprisonment with one year of supervised release to follow, as well as mental health and drug treatment.

After Sobolewski completed the new prison term, he violated his supervised release again. The probation office filed a petition, asserting that Sobolewski violated his supervised release by: (1) violating the state drug and motor vehicle laws; (2) not

2

reporting his state arrest; (3) traveling outside of the Eastern District of Pennsylvania without permission; (4) using cocaine; (5) absconding from probation; and (6) refusing to participate in drug and mental health treatment. In an amended petition, the probation office alleged that Sobolewski was arrested for forgery.

Sobolewski admitted to the conduct in the initial petition in exchange for dismissal of the amended petition. The District Court then sentenced him to ten months' imprisonment with no further supervised release to follow.

Sobolewski appeals, and his counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967).[1] While this appeal was pending, Sobolewski completed the prison term and is no longer on federal supervision.

## II[2]

We must determine whether we have jurisdiction over this appeal. We lack jurisdiction to review a revocation of supervised release when: (1) a defendant has completely served his sentence for the revocation, (2) no supervised release remains, and (3) he has not shown that the revocation of his supervised release will result in collateral consequences. See United States v. Huff, 703 F.3d 609, 611-12 (3d Cir. 2013)). Because Sobolewski has completed his term, is not subject to additional supervised release, and has not attempted to show that he will suffer any collateral consequences from the supervised release revocation, his appeal is moot.

---

[1] Sobolewski did not file his own pro se brief despite having the option to do so.
[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and our review of jurisdictional issues is plenary. United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

3

## III

For the foregoing reasons, we will dismiss this appeal.