**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2699
_____

UNITED STATES OF AMERICA

v.

WILBERT WILSON,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:22-cr-00082-001)
U.S. District Judge: Honorable Maryellen Noreika
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2025
_____

Before: SHWARTZ, MATEY, and FREEMAN, <u>Circuit Judges</u>.

(Filed: May 19, 2025)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Wilbert Wilson appeals his conviction for possession of a firearm as a convicted felon. His counsel has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). Because there are no nonfrivolous issues warranting review, we will grant his counsel's motion and affirm.

I

In 2021, Wilson, a previously convicted felon, sold a firearm and ammunition, and arranged to sell methamphetamine, to confidential informants. A grand jury indicted Wilson for possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Wilson pleaded guilty pursuant to a plea agreement. Before Wilson entered his plea, the District Court explained to him and determined that he understood the nature of the charges, the maximum penalties he faced, his right to plead not guilty, his trial rights, the Sentencing Guidelines, and the Court's sentencing obligations. The Court thereafter sentenced him to 96 months' imprisonment. Wilson appealed. The Government conceded that there was an error that increased Wilson's Guidelines range, and we thereafter vacated the sentence and remanded for resentencing.

At the resentencing, the parties jointly requested a sentence of 66 months' imprisonment, which was within the recalculated the advisory Guidelines sentencing range of 63 to 78 months, the District Court summarized its prior analysis of the § 3553(a) factors, and the Court imposed the requested sentence without objection.

2

Wilson appeals and his counsel moved to withdraw under <u>Anders</u>.[1]

II[2]

Our local rules allow a defendant's counsel to file a motion to withdraw and an accompanying brief under <u>Anders</u> when he concludes, upon review of the record, that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an <u>Anders</u> brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted); <u>see also</u> <u>United States v. Brookins</u>, 132 F.4th 659, 666 (3d Cir. 2025).[3]

A

To determine whether counsel has fulfilled his <u>Anders</u> obligations, we examine his brief to see if it (1) shows that he thoroughly examined the record in search of appealable issues and identified those that arguably support the appeal, , and (2) explains why any of

---

[1] Although he was permitted to do so, Wilson did not file a pro se brief.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. In conducting an <u>Anders</u> analysis, we exercise plenary review to determine whether there are any nonfrivolous issues for appeal. <u>Penson v. Ohio</u>, 488 U.S. 75, 80-83 & n.6 (1988).

[3] An issue is frivolous if it "lacks any basis in law or fact." <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988); <u>see also</u> <u>Brookins</u>, 132 F.4th at 665 (explaining that "[i]f there is an issue that is 'arguable' on its merits, then the appeal is not frivolous").

the identified issues are frivolous, Brookins, 132 F.4th at 666; United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). Wilson's counsel has fulfilled these obligations.

Because Wilson pleaded guilty, his appealable issues are limited to (1) the District Court's jurisdiction, (2) the voluntariness of his plea, and (3) the legality and reasonableness of his sentence. See Menna v. New York, 423 U.S. 61, 62 (1975) (per curiam); United States v. Broce, 488 U.S. 563, 569 (1989); 18 U.S.C. § 3742. Counsel's brief confirms that the District Court had jurisdiction and explains why any challenge to Wilson's plea would be frivolous. In a separate letter, counsel stated that Wilson does not challenge the lawfulness or reasonableness of his sentence. Accordingly, because counsel has explained why any of the possible appealable issues would be frivolous, he has fulfilled his Anders obligations. Youla, 241 F.3d at 300.

B

We next independently review the record to confirm that no nonfrivolous appealable issues exist. When, as here, counsel satisfies Anders's requirements, "we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022). We have reviewed the record and agree with counsel that any challenge to the District Court's jurisdiction or to Wilson's plea would be frivolous.

First, the District Court had jurisdiction because Wilson was charged with possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and

4

924(a)(2), which is a federal offense.[4]  See 18 U.S.C. § 3231.  Thus, any challenge to the District Court's jurisdiction would be baseless.

Second, any challenge to the voluntariness of Wilson's plea would lack merit. The Constitution and Federal Rule of Criminal Procedure 11 require courts, before accepting a guilty plea, to "advise the defendant . . . of the waiver of certain constitutional rights[,] . . . the nature of the charges to which he . . .is pleading guilty, the 'maximum possible penalty' to which he . . .is exposed, [and] the court's 'obligation to apply the Sentencing Guidelines'" as well as its discretion to depart from them.  United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b)).

The District Court's plea colloquy complied with these requirements.[5]  The Court placed Wilson under oath and explained that the Government could use any statement he made under oath against him.  The Court confirmed Wilson's competence and that he had not been forced to enter a guilty plea.  The Court then explained Wilson's constitutional rights, including his rights to (1) plead not guilty and proceed to trial with the assistance of counsel who could confront, cross examine, and subpoena witnesses; (2) testify or not testify at trial; and (3) be presumed innocent unless the Government proved his guilt beyond a reasonable doubt.  The Court also described the elements of the charged offense, the maximum penalty and other consequences he might face, and the Sentencing

---

[4] Our review of jurisdictional issues is plenary.  United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).
[5] Because there were no objections to the plea before the District Court, we review for plain error.  United States v. Vonn, 535 U.S. 55, 59 (2002).

Guidelines.  The Court also confirmed that there was a factual basis for Wilson's plea.  Thus, the record shows that the plea proceeding complied with the Constitution and Rule 11 and it supports the Court's finding that the plea was knowing and voluntary.  Therefore, there is no issue of arguable merit concerning the plea's validity.

Finally, counsel represents that because Wilson appeals "from [his] conviction only," "[t]here are no sentencing issues in this appeal." Dkt. 20.  Even if he had raised sentencing issues on appeal, our review of the record confirms that Wilson would have no nonfrivolous challenges to his sentence.[6]  Wilson's sentence is procedurally reasonable because the District Court (1) accurately calculated the applicable Guidelines range, (2) had no departure motions before it, and (3) meaningfully considered all the relevant § 3553(a) factors.  See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).  Moreover, because Wilson's sentence falls within the Guidelines range, we may presume its substantive reasonableness, see Rita v. United States, 551 U.S. 338, 346-47 (2007), and nothing in the record suggests that no reasonable sentencing court would impose the same sentence, see United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).  Therefore, Wilson and his counsel appropriately did not challenge the procedural or substantive reasonableness of his sentence.

---

[6] Because Wilson did not object to the procedural reasonableness of his sentence before the District Court, we review for plain error.  United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).  We review the substantive reasonableness of his sentence for abuse of discretion.  United States v. Pawlowski, 27 F.4th 897, 911 (3d Cir. 2022).

Accordingly, there are no nonfrivolous issues on appeal.

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.