**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2288
_____

UNITED STATES OF AMERICA

v.

BRANDO MANCEBO,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:23-cr-00031-002)
U.S. District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2025
_____

Before: SHWARTZ, MATEY, and FREEMAN, Circuit Judges.

(Filed: May 19, 2025)
_____

OPINION[*]
_____

**SHWARTZ**, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Brando Mancebo appeals his conviction for drug trafficking while on pretrial release. His counsel has moved to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967). Because there are no nonfrivolous issues warranting review, we will grant counsel's motion and affirm.

I

Mancebo was arrested and charged in the District of New Jersey with mail theft and conspiracy to commit bank fraud, and then released on pretrial supervision. While on pretrial release, Mancebo sold fentanyl and was indicted in the Middle District of Pennsylvania for conspiring to distribute and possess with the intent to distribute 400 grams or more of fentanyl and distributing on three occasions 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Mancebo pleaded guilty to various drug charges. At the plea hearing, Mancebo was advised of his trial rights and the penalties he faced, including a mandatory minimum term of 120 months' imprisonment for the conspiracy charge and a consecutive term for committing the offenses while on pretrial release. He also admitted to the facts supporting the charges. The District Court determined that Mancebo was competent and that he had knowingly, intelligently, and voluntarily entered his guilty plea.

At sentencing, the District Court adopted the Presentence Report's recommended Guidelines range of 151 to 188 months' imprisonment based on Mancebo's total offense level of 30 and criminal history category V. Mancebo moved for a downward departure under U.S.S.G § 4A1.3(b)(1), arguing that his criminal history category V

2

overrepresented the seriousness of his criminal history because his crimes primarily stemmed from a single course of conduct. The District Court disagreed, finding that Mancebo's prior crimes were committed on different occasions.

Both parties sought downward variances based on Mancebo's youth and because he was raised in an abusive and unstable environment.[1] After hearing their arguments, the District Court varied downward and imposed the mandatory minimum term of 120 months' imprisonment under 21 U.S.C. § 841(a)(1), followed by a consecutive term of 10 months' imprisonment[2] for committing the offenses while on pretrial release as mandated by 18 U.S.C. § 3147.[3] In imposing its sentence, the Court stated that it considered the relevant 18 U.S.C. § 3553(a) factors, noting that the sentence reflected the seriousness of the offenses and Mancebo's criminal history as well as the need for just punishment, deterrence, and sentencing parity. The Court also explained that Mancebo's youth did not excuse his dangerous conduct, specifically, distributing a significant amount of fentanyl, a drug which poses a risk of death.

---

[1] Mancebo also argued that the District Court should vary downwards because he was not a leader of the drug trafficking operation.

[2] Pursuant to 18 U.S.C. § 3147, the District Court imposed 5 months' imprisonment for the two counts to run consecutively to each other and to all other terms of imprisonment.

[3] The Court ordered this sentence to run consecutively to Mancebo's 27-month sentence for mail theft and conspiracy to commit bank fraud convictions.

Mancebo appeals and his counsel has moved to withdraw under Anders.[4]

## II[5]

Our local rules allow a criminal defendant's counsel to file a motion to withdraw and an accompanying brief under Anders when he concludes, upon review of the record, "that the appeal presents no issue of even arguable merit."  3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001); see also United States v. Brookins, 132 F.4th 659, 666 (3d Cir. 2025).[6]

### A

To determine whether counsel has fulfilled his Anders obligations, we examine his brief to see if it (1) shows that he thoroughly examined the record in search of appealable issues and identified those that arguably support the appeal and (2) explains why all issues identified are frivolous.  Brookins, 132 F.4th at 666; United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000).

---

[4] Mancebo did not file a pro se brief despite having the option to do so.

[5] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  In conducting an Anders analysis, we exercise plenary review to determine whether any nonfrivolous issues for appeal exist.  Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988).

[6] An issue is frivolous if it "lacks any basis in law or fact."  McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988); see also Brookins, 132 F.4th at 665 (explaining that "[i]f there is an issue that is 'arguable' on its merits, then the appeal is not frivolous" (quoting Anders, 386 U.S. at 744)).

Because Mancebo pleaded guilty, his appealable issues are limited to the District Court's jurisdiction, the voluntariness of his plea, and the reasonableness of his sentence. See United States v. Broce, 488 U.S. 563, 569 (1989); Menna v. New York, 423 U.S. 61, 62 (1975) (per curiam); 18 U.S.C. § 3742. His counsel's Anders brief explains why a challenge related to these issues would be frivolous and therefore counsel has fulfilled his Anders obligations. Youla, 241 F.3d at 300.

B

Our independent review of the record confirms that no nonfrivolous appealable issues exist.

First, the District Court had jurisdiction because Mancebo was charged with federal offenses under 21 U.S.C. §§ 846 and 841(a)(1).[7] Thus, any challenge to the District Court's jurisdiction would be baseless. See 18 U.S.C. § 3231.

Second, any challenge to Mancebo's plea would fail. The Federal Rule of Criminal Procedure 11 require courts, before accepting a guilty plea, to advise the defendant "of the waiver of certain constitutional rights," "the nature of the charges to which he . . . is pleading guilty, the 'maximum possible penalty' to which he . . . is exposed, the court's 'obligation to apply the Sentencing Guidelines,'" and its discretion to depart from them. United States v. Schweitzer, 454 F.3d 197, 202 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b)).

---

[7] Our review of jurisdictional issues is plenary. United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

5

The District Court's plea colloquy complied with these requirements.[8]  The Court placed Mancebo under oath and confirmed his competence and that he had not been forced to enter a guilty plea.  The Court advised Mancebo that, by pleading guilty, he would waive certain constitutional rights, including his rights to (1) plead not guilty and proceed to trial with the assistance of counsel who could confront, cross examine, and subpoena witnesses; (2) testify or not testify at trial; and (3) be presumed innocent unless the Government proved his guilt beyond a reasonable doubt.  The Court confirmed that Mancebo understood the offenses' elements, the minimum and maximum penalties he might face, and the application of the Sentencing Guidelines.  In addition, the record shows there was a factual basis for his plea and that Mancebo's plea was knowing and voluntary.  Thus, any challenges to the plea's validity would be frivolous.

Finally, Mancebo's sentence was procedurally and substantively reasonable, and thus any challenge to it would also lack merit.[9]  As to procedural reasonableness, the District Court fulfilled the three steps set forth in United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010).  The District Court correctly calculated the applicable Guidelines range.  The parties agreed, and the record shows, that Mancebo was responsible for distributing between 400 grams and 1.2 kilograms of fentanyl, resulting in a base offense

---

[8] No party objected to the plea, so we review for plain error.  United States v. Vonn, 535 U.S. 55, 59 (2002).

[9] Because Mancebo did not object to his sentence, we review the sentencing's procedural reasonableness for plain error.  United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).  We review the sentence's substantive reasonableness for abuse of discretion.  United States v. Pawlowski, 27 F.4th 897, 911 (3d Cir. 2022).

level of 30. The record also supports a three-level increase under U.S.S.G. § 3C1.3 because Mancebo committed a crime while on pretrial release, see 18 U.S.C. § 3147; United States v. Lewis, 660 F.3d 189, 190, 192 (3d Cir. 2011), and a three-level decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 30. In addition, the District Court correctly determined that Mancebo had 10 criminal history points, placing him in criminal history category V. With a total offense level of 30 and a criminal history category V, the Court accurately calculated the advisory Guidelines range as 151 to 188 months' imprisonment.

The District Court also considered but rejected Mancebo's motion for a downward departure for an overrepresented criminal history. The Court's explanation for denying the motion demonstrated it understood its authority to depart, and under our precedent, we lack jurisdiction to review its discretionary ruling. See United States v. Jones, 566 F.3d 353, 366-67 (3d Cir. 2009).

The record further reflects that the District Court gave "rational and meaningful" consideration to the § 3553(a) factors, including the dangerous nature of the offense, Mancebo's background, and the need for deterrence, punishment, and parity. Merced, 603 F.3d at 214 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). Indeed, the Court varied 21 months below the applicable Guidelines range, which showed that it considered Mancebo's background.

The sentence also was substantively reasonable. Because Mancebo engaged in life-threatening conduct by trafficking fentanyl and did so while on pretrial release for

other federal offenses and after being convicted of other crimes, we cannot say that "no reasonable sentencing court would have imposed the same sentence."[10]  United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Accordingly, there are no nonfrivolous issues warranting review.

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.

---

[10] The District Court also acted within its discretion in ordering that Mancebo's sentence run consecutively to his sentence for mail theft and conspiracy to commit bank fraud convictions as they were different crimes warranting separate punishments.  See United States v. Velasquez, 304 F.3d 237, 241-42 (3d Cir. 2002).

8